CITY OF COLUMBUS *v.* STARGHILL.

(No. 56074—Decided May 23, 1973.)

Franklin County Municipal Court, Criminal Division.

*Mr. Daniel W. Johnson,* city prosecutor, for plaintiff.
*Mr. Henry Clay Scott,* for defendant.

WEST, J.   The defendant is charged with operating a motor vehicle without exercising reasonable and ordinary control over such vehicle in violation of Section 2131.33 Columbus City Code.   In a companion case the defendant is charged with second degree homicide by vehicle, in that he did unlawfully and unintentionally kill one Rudolph C. Allen, while operating his vehicle in violation of said Section 2131.33.

Defendant moves to quash the affidavit as being based

upon an ordinance that is unconstitutional and void by reason of it being vague and indefinite.

Section 2131.33, Columbus City Code, reads as follows:

"No person shall operate a motor vehicle or motorcycle upon any street or highway without exercising reasonable and ordinary control over such vehicle."

Defendant claims the phrase "reasonable and ordinary control" is subjective in nature, and thus impossible to define precisely because what is "reasonable and ordinary control" differs from person to person, according to his own individual judgment. Also, the manner of control and operation of an automobile is a constantly changing thing, depending upon weather conditions, traffic conditions, road conditions, age and physical condition of the driver, and condition of the automobile.

It is defendant's position that as used in the ordinance in question, "reasonable and ordinary control" is not defined so as to enable the ordinary citizen to determine what is or is not a violation, and there are no fixed standards or guidelines laid down for police officers and the court from which they can determine if an offense has been committed.

Defendant relies upon *Columbus* v. *Thompson* (1971), 25 Ohio St. 2d 26, in which the Ohio Supreme Court held:

"A provision of a city ordinance, making it unlawful for any suspicious person to be in the city and specifying that 'any person who wanders about the streets or other public ways or who is found abroad at late or unusual hours in the night without any visible or lawful business and who does not give satisfactory account of himself' shall be deemed a suspicious person, violates the due-process clause of the Fourteenth Amendment, in that it lacks ascertainable standards of guilt and is so vague, imprecise and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application."

The Supreme Court said, at page 32, in its opinion in *Columbus* v. *Thompson, supra*:

"In effect, this portion of the ordinance 'leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed

standards, what is prohibited and what is not in each particular case.' *Giaccio* v. *Pennsylvania* (1966), 382 U. S. 399, 402.''

Defendant also points to the case of *Dayton* v. *Allen* (1971), 271 N. E. 2d 574, 576, wherein the Dayton Municipal Court ruled:

''The City of Dayton 'Congregating Ordinance' which prohibits one from knowingly congregating in or about any one of certain named areas or establishments where certain stated illegal activities are being carried on with knowledge that such activities take place therein is *unconstitutional* in the following respects:

''1. Violative of the due process clause of the Fourteenth Amendment to the United States Constitution in that the ordinance imposes sanctions upon conduct that might or might not manifest an unlawful purpose, that it makes no distinction between conduct calculated to harm and conduct which is essentially innocent, thus raising the very real risk that the ordinance will be selectively or discriminatingly enforced with the standard of conduct specified in the ordinance dependent upon each individual police officer's sensitivity or discretion. The ordinance is thus violative of due process of law in that its language is vague to the point that it lacks ascertainable standards of guilt, fails to give one fair notice of what acts are prohibited and will be punished, and is so imprecise and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application.''

This court must examine the language of Section 2131.-33, Columbus City Code, in the light of the well established principle that laws which are so vague that a person of common understanding cannot know what is forbidden are unconstitutional on their face. *Lanzetta* v. *New Jersey* (1939), 306 U. S. 451. The Due Process Clause of the Fourteenth Amendment to the United States Constitution is violated when a municipal ordinance prohibiting certain conduct is written in terms so vague that neither the police nor a citizen can ascertain what exact conduct is proscribed. *Cleveland* v. *Anderson* (1968), 13 Ohio App. 2d 83,

The ordinance in question simply prohibits the operation of a motor vehicle "without exercising reasonable and ordinary control over such vehicle." This language is not unlike that in the reckless operation statutes, R. C. 4511.20 and 4511.201, prohibiting the operation of a motor vehicle "without due regard for the safety of persons or property" which phrase has been found to be quite clear. *Radecki* v. *Lammers* (1968), 15 Ohio St. 2d 101 (1968); *State* v. *Martin* (1955), 164 Ohio St. 54.

It is interesting to note that homicide by vehicle under current state law, R. C. 4511.18 and 4511.181, connects the offense to killing another as the result of violating certain traffic laws. The laws of the Ohio Criminal Code which will become effective January 1, 1974 (R. C. 2903.06 and 2903.-07), 1972 Am. Sub. H. B. 511, make offenses of "recklessly" or "negligently" causing the death of another while operating a motor vehicle.

The phrase "without exercising reasonable and ordinary control," as used in an ordinance prohibiting the operation of a motor vehicle on a street or highway without the exercise of such control, means that one must operate his vehicle in the same manner as would a reasonably prudent person under similar circumstances. The Columbus City Code Section 2131.33, containing this phrase is a precise and narrowly drawn ordinance, delineating its reach in words of common understanding, evincing a legislative judgment of Columbus City Council that certain specific conduct be proscribed.

The court finding the ordinance under which the defendant has been charged is not unconstitutionally vague, defendant's motion to quash is overruled.

*Defendant's motion overruled.*