THE STATE OF OHIO, APPELLANT, *v.* BRUNO, APPELLEE.

[Cite as State v. Bruno (1976), 47 Ohio St. 2d 98.]

---

(No. 75-1092—Decided July 14, 1976.)

*Mr. Paul H. Mitrovich,* prosecuting attorney, and *Mr. David J. Sternberg,* for appellant.

*Messrs. Donaldson, Colgrove, Cardinal & Freed* and *Mr. Richard O. Colgrove,* for appellee.

STEPHENSON, J. The pivotal issue this appeal presents is whether the requirement in *State* v. *Wallace, supra,* that appeals by the state shall be governed by the procedural requirements of App. R. 5 and the time requirement of App. R. 4(B), is retroactive or prospective only in application.

At the time of commencement of the appeal to the Court of Appeals on May 8, 1975, this court had announced its decision in *State* v. *Hughes,* 41 Ohio St. 2d 208, on March 19, 1975. The syllabus provides:

"Insofar as App. R. 4(B), permitting the prosecution, as of right, to appeal judgments of trial courts, enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in allowing appeals provided by these same sections, such rule is invalid under the provisions of Section 5 of Article IV of the Ohio Constitution, and an appeal filed by the state pursuant to App. R. 4(B) is properly dismissed *where the provisions of R. C. 2945.68 have not been complied with.*" (Emphasis added.)

Understandably, therefore, the prosecution commenced its appeal pursuant to R. C. 2945.68,[1] resulting in an order of the Court of Appeals on May 27, 1975, allowing the filing of the bill of exceptions. In perfecting the appeal pursuant to R. C. 2945.67 through 2945.70, appellant did not file a formal notice of appeal in either the trial court or Court of Appeals. An analysis of R. C. 2945.67 through

---

[1] R. C. 2945.68 reads as follows:

"The prosecuting attorney, solicitor, or the Attorney General may present a bill of exceptions in a criminal action to the Court of Appeals or the Supreme Court and apply for permission to file it with the clerk of the court for the decision of such court, upon the points presented therein. Prior thereto, he shall give reasonable notice to the judge who presided at the trial in which such bill was taken, of his purpose to make such application. If the Court of Appeals or the Supreme Court allows the bill to be filed, the prosecuting attorney, solicitor, or Attorney General shall, within ten days of the filing of the bill, file his brief in support of such exceptions and forthwith serve a copy thereof upon the trial judge and any attorney appointed by the judge to argue the exceptions against the prosecuting attorney, solicitor or the Attorney General."

2945.70 reflects no requirement of the filing of a notice of appeal, hence, none was statutorily required. *State* v. *Meltzer* (1965), 4 Ohio App. 2d 373. Thus, if the holding in *Wallace* applies only prospectively, the Court of Appeals erred in dismissing the appeal for failure to file a notice of appeal, as none was required.[2]

On July 2, 1975, this court decided *Wallace, supra* (43 Ohio St. 2d 1). While there does not appear either in the syllabus or in the opinion an express declaration that the holding therein announced was to be applied only prospectively, it is manifest that such was the intention of this court. The express recognition in the opinion that App. R. 5 was promulgated to provide a procedure for a delayed appeal by a *defendant* attests to such conclusion. Thus, it was stated, at page 3 in the opinion, "[i]n light of *Hughes*, we *now hold* that App. R. 5(A) is applicable to appeals by the state in criminal cases." (Emphasis added.)

In a similar view with respect to the applicability of App. R. 4(B), the court stated at pages 3-4: "We also hold that the time within which a motion for leave to appeal must be filed *is to be governed* by App. R. 4(B)," and "[b]ecause the time limits in App. R. 4(B) meet that objective, we *make them* applicable to such appeals." (Emphasis added.) Finally, it is to be noted that the syllabus reflects only a future application: "A motion for leave to appeal by the state in a criminal case *shall be governed* by the procedural requirements of App. R. 5 and the time requirement of App. R. 4(B)." (Emphasis added.)

In *Hughes, supra*, this court necessarily recognized the continuing vitality of R. C. 2945.67 through 2945.70, where-

---

[2]No issue having been raised, it is assumed this appeal from the sustaining of a motion to dismiss an indictment on the ground of the facial unconstitutionality of a statute is properly within the statutory enumeration in R. C. 2945.70 authorizing appeals by the state. See 28 Ohio Jurisprudence 2d 497, Section 80, Indictment and Information; 42 Corpus Juris Secundum 1200, Section 211(a), Indictments and Informations; *Cincinnati* v. *McIntosh* (1969), 20 Ohio App. 2d 50; *Columbus* v. *Starghill* (1973), 35 Ohio Misc. 63; Cf. *State* v. *Meeker* (1971), 26 Ohio St. 2d 9.

in, after concluding the invalidity of App. R. 4(B) in the aspects set forth in the syllabus, the court stated that the appeal must be dismissed for failure to comply with R. C. 2945.68. Until *Wallace*, the procedural statutory implementation of the limited right of appeal remained viable and in force, and compliance with such procedural statutes resulting in an order, of the Court of Appeals allowing the filing of the bill of exceptions properly invoked the jurisdiction of such court. *Wallace* simply reflects the view of this court that, thereafter, the substantive right of appeal recognized in *Hughes* was better implemented by the application of existing procedural rules properly promulgated by this court pursuant to constitutional grant rather than by the existing statutory implementation in R. C. 2945.67 through 2945.70.

We, therefore, now make express what we view as clearly implicit in *Wallace*, that App. R. 4(B) and App. R. 5 govern appeals by the state from only those orders and judgments which become final after July 2, 1975. Since the judgment of dismissal by the Court of Appeals rests upon an application of such rules to an appeal from an *order* entered prior to July 2, 1975, and the appeal was otherwise properly perfected pursuant to R. C. 2945.67 through 2945.-70, the judgment is reversed and the cause remanded to the Court of Appeals for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., dissents.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.