**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard D. GILL, Defendant-Appellant.**

**No. 76–2670.**

United States Court of Appeals,
Sixth Circuit.

Argued April 7, 1977.

Decided May 27, 1977.

**598**

William T. Wuliger, Wuliger, Jacob & Fadel, Cleveland, Ohio, for defendant-appellant.

Richard D. Gill, pro se.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Willard F. Spicer, Akron, Ohio, for plaintiff-appellee.

Before CELEBREZZE, PECK and ENGEL, Circuit Judges.

PER CURIAM.

Appellant, Richard D. Gill, appeals from his conviction for possession of heroin with intent to distribute and for aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) (1970), and 18 U.S.C. § 2 (1970). The heroin was discovered by Special Agent Magoch of the Drug Enforcement Administration during a warrantless search of Appellant's suitcase in the baggage claim area of Hopkins International Airport in Cleveland, Ohio. Appellant contends that the District Court erred in failing to grant his suppression motion. The District Court held that the search was incident to a lawful arrest and therefore within a recognized exception to the Fourth Amendment's warrant requirement. We affirm.

The information which led to Appellant's arrest and the search of his suitcase was uncovered during an investigation by the Akron Police Department and the Summit County Sheriff's Office into suspected narcotics activities by David Feinman and Roger Ramage at 19 Belvedere Way, Akron, Ohio. In March of 1976, Detective Miksch of the Akron Police Department received information from an informant that David Feinman was receiving shipments of narcotics from an individual in Arizona. The informant received this information from a person identified as Laurie Miller. The informant further stated that she had personally observed an individual picking up narcotics at the Belvedere address. The information was relayed to Robert Scalise of the Sheriff's Office, Narcotics Division. Mr. Scalise was familiar with Feinman and knew that Feinman and Appellant had been convicted in Arizona for distributing marijuana. Mr. Scalise gave Detective Miksch a photograph of Appellant and the informant stated that the man in the photo "looked like" the person named Richard who had picked up narcotics at 19 Belvedere Way. The informant told Detective Miksch that David Feinman was expecting another shipment of narcotics on the weekend of April 2nd. No delivery was made that weekend. At noon on April 9th, Detective Miksch received a telephone call from the informant that an individual named Richard would be making a delivery that night from Arizona. Mr. Scalise called state narcotics agents in Arizona and was informed that Appellant was not at work and could not be located. That same day, Mr. Scalise received subpoenaed telephone records for 19 Belvedere Way which disclosed a number of calls made to Arizona, including one of the calls made to a number listed in the name of "Richard Gill". At 2:30 p. m. on April 9th , Detective Miksch received a second telephone call from the informant informing him that David Feinman was going to the airport to pick up a shipment of heroin. David Feinman and Roger Ramage were

placed under surveillance. At approximately 10:00 p. m., both individuals were seen leaving Akron in the direction of Hopkins Airport.

Special Agent Frank J. Magoch of the Drug Enforcement Administration was stationed at the airport. He had been apprised of the information uncovered during the Akron investigation. Special Agent Carla Hari informed Agent Magoch that David Feinman was proceeding toward the airport. Agent Magoch checked the flight reservation computer for Appellant's name without success. At approximately 10:45 p. m., Agent Magoch observed Appellant in the airport baggage claim area. He observed Appellant standing in the claim area for fifteen minutes as his suit case remained on the baggage carousel. At one point, Appellant took his suitcase off the carousel and then replaced it. When Feinman and Ramage entered the baggage claim area they did not immediately approach Appellant but instead walked past him. After looking about, the three met, shook hands and held a brief conversation. Ramage left the other two and returned a short time later. Feinman left the terminal and Ramage motioned to Appellant to follow. At this point, Agent Magoch stopped Appellant and asked for identification and an airline ticket. Appellant gave the agent his driver's license but claimed that he did not have a ticket. Agent Magoch testified that he then saw and heard Feinman driving through the parking lot at a high rate of speed narrowly missing Agent Hari and two police officers. Agent Magoch placed Appellant under arrest and asked for the key to the suitcase. Appellant gave Agent Magoch a key but as the agent was opening the case, Appellant grabbed his arm and asked for a warrant. Agent Magoch opened the suitcase and discovered a brown substance, later proven to be heroin, rolled up in a sock.

Appellant contends that the facts known to Agent Magoch at the time of the arrest did not amount to probable cause. He submits that the information provided by the unnamed informant did not satisfy the two-pronged test set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We agree with Appellant that the informant's tip standing alone was insufficient to establish probable cause under the *Aguilar-Spinelli* standards. Although the police informant was reliable, the crux of the information she conveyed to the police came from a third party, Laurie Miller. There is no indication of Laurie Miller's reliability or of the circumstances under which she came by the information. However, deficiencies in an informant's tip may be cured through independent investigation by law enforcement officers which corroborates the information contained in the tip. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Here, as in *Draper,* the details of the informant's tip were verified by the officers' independent investigation and by the personal observations of the arresting agent. Since the arrest was based upon probable cause, the search of the suitcase incident to the arrest was valid. *United States v. Kaye,* 492 F.2d 744 (6th Cir. 1974). The District Court properly denied the suppression motion and the conviction is hereby affirmed.