THE STATE OF OHIO, APPELLEE, *v.*
FELTY, APPELLANT.

(No. C-800428—Decided May 27, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Timothy Deardorff,* for appellee.

*Mr. Dennis A. Becker,* for appellant.

PALMER, J. This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The instant action arises from a circumstance in which defendant-appellant, Terry Lee Felty, was stopped by police on the morning of November 28, 1979, in the driveway of a vocational school for failure to come to a complete stop at an intersection. Once halted, appellant was permitted to exit his vehicle and meet between the two cars with one Officer Mooris, who had parked his cruiser some distance behind. Another patrolman, Officer Hensley, exited the cruiser from the passenger side, and proceeded to the front of appellant's car to make sure he had a front license plate. Appellant was not issued a traffic citation nor placed under custodial arrest, but was merely warned of his infraction by Officer Mooris. Both officers testified that throughout the discussion, appellant was calm, polite and very cooperative, and had done nothing to arouse suspicion. As appellant and Officer Mooris continued their discussion behind appellant's vehicle, another officer arrived on the scene and joined this discussion. At this point, Officer Hensley looked into appellant's car and noticed what he suspected to be a handgun wrapped up in a cloth bag resting on the dashboard. Officer Hensley then called out to appellant, who was standing some fifteen to twenty feet away and within a few feet of his fellow officers, and asked him if the bag contained a gun. When appellant stepped toward the officer, Hensley immediately reached inside the car and grabbed the bag.

Upon investigation, the sack was found to contain a fully loaded and operable .25 caliber automatic handgun wrapped up in a handkerchief. At this point, appellant was placed under arrest, handcuffed and frisked, whereupon the officers discovered a small plastic vial in his coat pocket that contained a substance which appellant identified on the scene as cocaine. Upon searching the vehicle, the officers further discovered a box of ammunition for the handgun under the front seat.

In the subsequent indictment, appellant was charged with one count of carrying a concealed weapon, in violation of R.C. 2923.12, and one count of drug abuse, in violation of R.C. 2925.11. At the pretrial hearing on appellant's motion to suppress the evidence seized on the morning of his arrest, the trial court granted the motion with respect to the weapon and its container, but denied the motion with respect to the controlled substance and ammunition, which were discovered

after appellant had been placed under formal arrest. In so ruling, the trial court expressly found that the warrantless seizure of the handgun could not be justified under the plain view exception, since the configuration of the sack did not readily or adequately reveal the presence of a gun, or any other contraband, inside. Seizure of the remaining evidence, the cocaine and the ammunition, was sustained by the trial court as the fruits of a search conducted incident to a lawful arrest, the court citing as authority *United States* v. *Robinson* (1973), 414 U.S. 218 [66 O.O.2d 202].

At the conclusion of the hearing, the state indicated its desire to separate the charges, proceed to trial on the drug abuse charge, and appeal, pursuant to Crim. R. 12(J), the trial court's suppression order of the weapon evidence. Thereupon, appellant entered a plea of no contest to the count of drug abuse, was found guilty and sentenced as appears of record. The state, however, did not then or thereafter appeal· the trial court's granting of the motion to suppress the evidentiary fundament for the concealed weapons charge. In the instant cause, the sole issue arises from the defendant's appeal from his conviction and sentence of drug abuse, where he assigns as error the trial court's denial of his motion to suppress the evidence of the controlled substance as the fruit of an unlawful search and arrest. For the reasons stated herein, we find appellant's contention to be meritorious and accordingly reverse the judgment below.

Appellant's position in this cause is predicated upon the well-established rationale set forth in *Wong Sun* v. *United States* (1963), 371 U.S. 471, that evidence procured as a result of an initial, unlawful search or seizure is inadmissible where it was derived immediately from the unwarranted and illegal intrusion. A necessary predicate to appellant's position, however, is that since the state failed to appeal the lower court's holding with regard to the search of the car and the seizure of the weapon, it is bound by that determination as a matter of law and may not, on direct appeal from the judgment on drug abuse, argue that this court may nonetheless reach an opposite result on the weapons search and, therefore, uphold the subsequent personal search and seizure of cocaine. Essentially, appellant argues that if the initial vehicle search was unlawful, then the subsequent arrest was unlawful and, consequently, the search conducted incidental to that arrest was illegal, requiring suppression of the fruits of that search.

For its part, the state argues that its failure to appeal the decision of the trial court suppressing the evidence obtained from the initial intrusion, which it clearly had the right to do under R.C. 2945.67, Crim. R. 12(J) and App. R. 4(B), does not preclude this court from nonetheless considering the factual circumstances surrounding that search and reaching an opposite result as a matter of law. Pursuant to this reasoning, the state vigorously argues that the record demonstrates the error of the trial court's ruling suppressing the weapon and container, and solicits our agreement therein. Such a determination, argues the state, would permit this court to sustain the admission of the drug evidence since it would no longer constitute fruit of the poisoned tree. Thus, the primary issue is joined.

R.C. 2945.67 and Crim. R. 12(J) provide the state with the right to appeal any case in which a motion to suppress evidence is granted as long as it certifies that such appeal is not taken for the purpose of delay and that the granting of the motion has rendered the state's proof with respect to the pending charge so weak that any reasonable possibility of prosecution has been destroyed. See, *e.g., State* v. *Buckingham* (1980), 62 Ohio St. 2d 14 [16 O.O.3d 8]; *State* v. *Caltrider* (1975), 43 Ohio St. 2d 157 [72 O.O.2d 88]. In the instant case, the trial court determined, as a matter of law, that the officers had con-

ducted, initially, a warrantless search of the automobile, resulting in the seizure of evidence and the arrest of appellant, and that the state had failed to demonstrate by the requisite standard of proof that this initial search fell within the recognized plain view, or any other, exception to the rule prohibiting warrantless intrusions. Thus, the state possessed the right to appeal this decision, just as it would have had the right to appeal had the court granted the entire motion, and, in fact, evinced a desire to do so at that moment. See, e.g., State v. Leary (1975), 47 Ohio App. 2d 1 [1 O.O.3d 152]. Its failure to do so, it seems to us, constitutes a clear and unmistakable intention on the part of the state to accept, or acquiesce, in the legal determination of the trial court on this issue.

· It is a time-honored maxim of appellate procedure that when an otherwise available appeal is not taken from an adverse judgment or order of the trial court, the affected party is held to have acquiesced in that determination and, consequently, waived its right to assert error therein on appeal of a related matter. See, e.g., State v. Thomas (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262]; State v. Bruno (1976), 47 Ohio St. 2d 98 [1 O.O.3d 58]; State v. Phillips (1971), 27 Ohio St. 2d 294 [56 O.O.2d 174]; State v. Meeker (1971), 26 Ohio St. 2d 9 [55 O.O.2d 5]. The order complained of in this instance granting the motion to suppress the weapon is, in essence, the law of the case, and it is not the province of this court to disturb that determination in the absence of a valid appeal. By not challenging on direct appeal the legality of the trial court's ruling, the state has effectively consented to that judgment and waived any further argument to the contrary in the instant cause. We therefore do not, as the state has urged upon us, reach the substantive question of the correctness of the trial

court's determination that the initial, warrantless search was unlawful, and express no opinion on the matter.

Having thus disposed of the threshold issue, resolution of the remaining questions is not troublesome. Since the initial warrantless search of the appellant's car was unlawful, his immediate arrest, which was unarguably based upon evidence seized in that search, was also illegal. See, e.g., Beck v. Ohio (1964), 379 U.S. 89 [31 O.O.2d 80]; United States v. Gill (C.A. 6, 1977), 555 F. 2d 597. The subsequent search of appellant's person incidental to that arrest was likewise unlawful, since the only justification for the personal intrusion was an arrest which was itself unlawful. United States v. Calandra (1974), 414 U.S. 338 [66 O.O.2d 320]; Rios v. United States (1960), 364 U.S. 253; United States v. Cooper (S.D. Ohio 1977), 428 F. Supp. 652; State v. Bryson (1970), 22 Ohio St. 2d 224 [51 O.O.2d 346]. Where the evidence objected to has been procured by exploitation of an initial, primary illegality, and there exists no means sufficiently distinguishable from that unlawful intrusion to purge it of the primary taint, it must be excluded under the Fourth and Fourteenth Amendments. Calandra, supra; Wong Sun, supra. In the instant case, the trial court, having first concluded that the search and seizure of the weapon was improper as a matter of law, erred in not granting the balance of appellant's motion to suppress the evidence seized as a result of his unlawful arrest.

For these reasons, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

SHANNON, P. J., and KLUSMEIER, J., concur.