THE STATE OF OHIO, APPELLEE, *v.*
WRIGHT, APPELLANT.

(No. CA 10243—Decided
June 16, 1987.)

*Ronald L. Fobes,* city prosecutor,
for appellee.

*Gump & Elliott Co., L.P.A., Dennis E. Gump, Gianuglou, Davis & Wilks* and *David Fuchsman,* for appellant.

WOLFF, J. At about 2:30 a.m. on Sunday, August 24, 1986, Stephen M. Wright drove his automobile off the right side of the road and struck a parked car in the rear. Miami Township Patrolman Nicholas Foote arrived on the scene less than ten minutes later. Foote asked Wright twice if he needed medical attention, as Wright had sustained some minor injuries. Wright refused medical treatment.

Patrolman Foote detected a "moderate odor" of alcohol, and requested that Wright perform various field sobriety tests. Wright failed the tests. Foote then placed Wright under arrest for driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1).

Foote summoned paramedics and Wright was taken to Kettering Hospital for examination of his physical injuries, a bloody nose and chest pains.

Foote read the *Miranda* rights to Wright about 3:30 a.m. Wright indicated that he was not willing to answer questions without a lawyer being present. After Wright indicated that he would not answer any more questions without an attorney, Patrolman Foote read the required Bureau of Motor Vehicles Refusal Form to Wright. He then asked whether Wright would submit to a chemical test. Wright agreed, and a blood sample was taken by a registered nurse at 3:54 a.m. The blood sample was found to contain a blood-ethanol level of 0.14 percent.

Wright sought to have the blood test results suppressed, but was unsuccessful. He pleaded no contest, and was found guilty of DUI in violation of R.C. 4511.19. Wright appeals asserting the following assignment of error:

"The lower court erred in allowing the results of defendant/appellant's blood test to come into evidence when prior to obtaining appellant's blood sample, appellant had stated that he did not want to answer questions without a lawyer present."

Simply stated, the narrow issue presented in this case is this: whether a police officer may ask a defendant, under arrest for DUI, to consent to a blood test, after that defendant has indicated that he is not willing to answer questions without the presence of an attorney. Our answer is yes.

Wright is attempting to equate Foote's inquiry as to whether he would take the blood test with testimonial questioning. That is, he is trying to bring the question within the purview of *Miranda* v. *Arizona* (1966), 384 U.S. 436, which prohibits further inter-

rogation after assertion of the right to counsel.

In *Schmerber* v. *California* (1966), 384 U.S. 757, the Supreme Court held that there was no constitutional violation where blood was drawn over the objection of the defendant, asserted on advice of defendant's counsel. In writing for the court, Justice Brennan stated:

"Petitioner's testimonial capacities were in no way implicated; indeed, his participation, except as a donor, was irrelevant to the results of the test, which depend on chemical analysis and on that alone. Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds." (Footnote omitted.) *Id.* at 765.

As a blood test is not testimonial evidence, Patrolman Foote's inquiry did not run afoul of the Fifth Amendment or *Miranda*. See, also, *State* v. *Starnes* (1970), 21 Ohio St. 2d 38, 50 O.O. 2d 84, 254 N.E. 2d 675; *Bellbrook* v. *Kyne* (July 26, 1984), Greene App. No. 83 CA 102, unreported.

There are no facts in this case that suggest a denial of Wright's Sixth Amendment right to counsel. As we have observed, Patrolman Foote's inquiry did not violate the Fifth Amendment or *Miranda*. In response to Foote's inquiry, Wright agreed to take the blood test. He neither refused nor asked to confer with counsel before deciding whether to submit or refuse.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS, P.J., and FAIN, J., concur.