CITY OF CINCINNATI, Appellant,

v.

GILL, Appellee.

[Cite as *Cincinnati v. Gill* (1996), 109 Ohio App.3d 580.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950394.

Decided Jan. 31, 1996.

*Fay D. DuPuis,* City Solicitor, *Terrence R. Cosgrove,* City Prosecutor, *Ernest F. McAdams, Jr.* and *Lisa K. Crawford,* Assistant City Prosecutors, for appellant.

*James M. Looker,* for appellee.

GORMAN, Presiding Judge.

In a single assignment of error, plaintiff-appellant, the city of Cincinnati, contends the Hamilton County Municipal Court erred in granting the motion of defendant-appellee, Jennifer R. Gill, to suppress incriminating statements she made in response to a question asked of her by a Cincinnati police officer following her invocation of the right to counsel. The city brings this appeal pursuant to its certification that the ruling on the motion has rendered its proof with respect to the pending charge of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. Crim.R. 12(J)(2).[1] On appeal, the city argues that the incriminating statement should be admissible in its case-in-chief, as it was voluntarily made, and as it was made in response to a routine "administrative police booking inquiry." We disagree and affirm the judgment of the trial court.[2]

In the early hours of November 23, 1994, Gill was stopped by a Cincinnati police officer for driving without the use of headlights. The officer noted a strong smell of alcohol about Gill's person, that her speech was slurred, and that her eyes were bloodshot. He administered a battery of psychomotor field sobriety tests; Gill failed the tests. The officer placed her under arrest and transported her to the District Five police station.

At the police station, Gill asked to call an attorney, and she was permitted to do so. After she concluded her telephone conversation, the officer asked her to submit to a breathalyzer test. Gill refused to take the test. The officer proceeded to question Gill, asking questions found on the Cincinnati Police Division Intoxication Report. After Gill's refusal, the officer posed the next question on the form, "If Refused, Why?" Gill's response, as recorded by the

---

1. Crim.R. 12(J) reads in part:

   "If an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal."

2. We have *sua sponte* removed this cause from the accelerated calendar.

officer, was "I drank recently & I'm not going to take the risk & advise [*sic*] of my counsel (& I'm not sure)."

Upon Gill's motion, the trial court suppressed these incriminating statements, and this timely appeal followed.

■ A well-settled principle of constitutional law disposes of this matter: if a defendant invokes her right to counsel at any time during custodial interrogation, police questioning must cease. *Minnick v. Mississippi* (1990), 498 U.S. 146, 147, 111 S.Ct. 486, 488, 112 L.Ed.2d 489, 494; *Edwards v. Arizona* (1981), 451 U.S. 477, 484–485, 101 S.Ct. 1880, 1884–1885, 68 L.Ed.2d 378, 385–387; see, *e.g.*, *State v. Kellam* (Feb. 10, 1988), Hamilton App. No. C–870024, unreported, 1988 WL 14049. The Supreme Court of Ohio has recently reiterated this rule, declaring:

"Once an accused invokes his right to counsel, all further custodial interrogation must cease and may not be resumed in the absence of counsel unless the accused thereafter effects a valid waiver or himself renews communication with the police. (*State v. Williams* [1983], 6 Ohio St.3d 281, 6 OBR 345, 452 N.E.2d 1323, paragraph four of the syllabus, followed.)" *State v. Knuckles* (1992), 65 Ohio St.3d 494, 605 N.E.2d 54, paragraph one the syllabus.

This rule "is designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights." *Minnick v. Mississippi*, 498 U.S. at 150, 111 S.Ct. at 489, 112 L.Ed.2d at 496. We note that despite a defendant's invocation of the right to counsel, police are permitted to ask whether she will consent to a breathalyzer test. See *State v. Wright* (1987), 41 Ohio App.3d 80, 534 N.E.2d 872 (inquiry permitted as blood-test results not testimonial evidence).

It is undisputed that Gill had invoked her right to counsel and did not effect a valid waiver. The city, nonetheless, contends that Gill "voluntarily incriminated herself." The city first claims that Gill volunteered her statements. The record establishes clearly that Gill made the statements at issue after being asked why she was refusing the test. At the suppression hearing, the arresting officer testified, "Yes, I believe they were in response to my question, yes."

■ The city next contends that as the inquiry into Gill's reasons for refusing the test was limited and focused and had a legitimate police purpose, the questioning did not violate her constitutional right. Once an accused has invoked her right to counsel, police may ask some routine questions necessary for booking. See *Pennsylvania v. Muniz* (1990), 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (permitting questions regarding defendant's name, address, height, weight, eye color, date of birth, and current age); *State v. Wright, supra.*

Here, however, the city asserts that the question "If Refused, Why?" does not seek testimonial evidence but rather "is designed to solicit the basis upon which a person forms his or her decision to take the test." This inquiry subjects Gill to the "cruel trilemma" of admitting her intoxication, denying it, or remaining silent. See *Pennsylvania v. Muniz,* 496 U.S. at 595, 110 S.Ct. at 2647, 110 L.Ed.2d at 548, fn. 8, quoting *Murphy v. Waterfront Comm.* (1964), 378 U.S. 52, 55, 84 S.Ct. 1594, 1596–1597, 12 L.Ed.2d 678, 681–682. The latter two alternatives would give rise to speculation by the trier of fact as to why she refused to submit to a breathalyzer test.

■ We hold that the inquiry into the basis for refusing the test, after an accused has asked for counsel, is interrogation "reasonably likely to elicit an incriminating response" and, therefore, violated Gill's privilege against self-incrimination. *Rhode Island v. Innis* (1980), 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–1690, 64 L.Ed.2d 297, 308. The city offered no other legitimate police purpose necessitating the collection of this information.

Following a careful consideration of the totality of the circumstances surrounding the making of the statements in question, the trial court correctly concluded that Gill's statements were taken in violation of her constitutional right against self-incrimination. *State v. DePew* (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542, 547. Thus, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN and SUNDERMANN, JJ., concur.