DECISION.
On August 27, 1999, defendant-appellant Derrick Kennedy was indicted for possession of cocaine, in violation of R.C. 2925.11(A). Kennedy's initial trial ended with a deadlocked jury. Kennedy's second jury trial began March 20, 2000.
At the second trial, the arresting police officer testified that on August 19, 1999, at approximately 7:00 p.m., he was on routine patrol in the Over-the-Rhine area of downtown Cincinnati. The officer saw Kennedy sitting on a wall, holding an instrument to his mouth and lighting it. The officer's prior experience led him to believe that Kennedy was lighting a "crack pipe." The officer left his cruiser and approached Kennedy, who appeared to be under the influence of some substance. Kennedy continued to hold the instrument to his mouth. When the officer asked Kennedy if he had been smoking crack, Kennedy shook his head to indicate "no." Kennedy then opened his mouth and exhaled a "white substance" of smoke. Kennedy was arrested. In securing the "crack pipe," the officer noticed that it contained a small piece of what appeared to be crack cocaine about the size of a pencil lead. Kennedy was read his Miranda rights and transported to the Hamilton County Justice Center.
At the Justice Center, the corrections intake officer asked Kennedy several questions. The arresting officer testified about this as follows:
 Now, were you present while the defendant was being processed at the Justice Center?
 Yes, ma'am. As a requirement, we stay with all prisoners until they are completely processed and escorted into one of the holding cells.
 And during that process, was the defendant asked if he had used any controlled substance that day?
 Yes, ma'am. The Hamilton County corrections officers have a form that they have to fill out. They ask them numerous questions that are medical-related questions. Also, if they are suicidal, or if they have any mental disorders or any illnesses or problems, if they are on any medication. And another question that they ask is, have they used any street drugs within the last 24 hours.
And was the defendant asked that question?
 Yes, ma'am. His first response was — they asked him if he had used any street drugs within the last 24 hours. He said he didn't understand. The corrections officer asked him if you have used any marijauna, cocaine, crack cocaine in the last 24 hours. And he stated yes, he had used crack.
And that was a statement made in your presence?
Yes, ma'am, it was.
(T.p. 63-64.) Defense counsel did not object to the officer's testimony. A drug analyst with the Hamilton County Coroner's laboratory testified that the "crack pipe" contained a residue of cocaine in an amount too small to be measured.
Defense counsel requested a jury instruction regarding the definition of "knowingly possessed," which the trial court refused to give. The trial court instead gave the jury the standard instructions regarding both "knowingly" and "possession." Kennedy was found guilty and sentenced to twelve months' incarceration, with a five-year driver's-license suspension. Kennedy has appealed, raising four assignments of error for our review.
Kennedy's first assignment of error alleges that he was denied the effective assistance of counsel because his trial counsel did not file a motion to suppress his statement to the corrections officer that he had used crack cocaine, or object to the testimony at trial about the statement.
To sustain a claim of ineffective assistance of counsel, Kennedy must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To establish that counsel's performance was deficient, Kennedy must show that counsel's representation fell below an objective standard of reasonableness. Seeid. To establish prejudice, Kennedy is required to show that counsel's errors were so serious as to deprive him of a fair trial and render the result unreliable. See id. Kennedy must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id.; State v.Coleman (1989), 45 Ohio St.3d 298, 544 N.E.2d 622.
Kennedy argues that defense counsel should have filed a motion to suppress his statement to the corrections officer and objected to testimony about the statement at trial, because when he made the statement the Miranda warnings given at the time of his arrest had become so stale as to dilute their effectiveness.
Police are not required to readminister the Miranda warnings when a relatively short period of time has elapsed since the initial warnings. See State v. Treesh (2001), 90 Ohio St.3d 460, 739 N.E.2d 749; State v.Mack (1995), 73 Ohio St.3d 502, 653 N.E.2d 329. The totality-of-the-circumstances test is applied to determine whether initial Miranda warnings remain effective for subsequent interviews. SeeState v. Treesh, supra; State v. Roberts (1987), 32 Ohio St.3d 225,513 N.E.2d 720.
We note our decisions in Cincinnati v. Gill (1996), 109 Ohio App.3d 580,672 N.E.2d 1019, State v. Kleingers (June 25, 1999), Hamilton App. No. C-980764, unreported, and State v. Sherman (Dec. 11, 1998), Hamilton App. No. C-970813, unreported. In each of these cases, the defendant had been arrested for driving under the influence and had explicitly invoked the right to counsel. Subsequently, police asked questions to which incriminating answers were given. We held that the statements were inadmissible in light of the explicit invocation of the right to counsel and the lack of any evidence of a subsequent waiver of that right. But the case sub judice is distinguishable from our prior decisions because Kennedy did not explicitly invoke his right to counsel.
Questions concerning counsel's effectiveness should be viewed in light of the compelling evidence against the defendant. See State v. Hill
(1996), 75 Ohio St.3d 195, 661 N.E.2d 1068; State v. Lester (1998),126 Ohio App.3d 1, 709 N.E.2d 853. Assuming, arguendo, that counsel was deficient in failing to file a motion to suppress the statement and to object to the testimony, we hold that Kennedy did not suffer any prejudice. The police officer testified that he saw Kennedy hold a "crack pipe" to his mouth and light it. Kennedy exhaled a "white substance" of smoke. The "crack pipe" contained cocaine residue. In light of the other evidence against him, we hold that Kennedy has failed to show that had his statement been excluded, there is a reasonable probability that the result of his trial would have been different. The first assignment of error is overruled.
Kennedy's second and third assignments of error allege that his conviction was based upon insufficient evidence and against the manifest weight of the evidence. To reverse a conviction for insufficient evidence, we must be persuaded, after viewing all of the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. To reverse on the manifest weight of the evidence, we must review the entire record, weight the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. See Statev. Thompkins, supra; State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
The evidence showed that the arresting officer saw Kennedy hold a "crack pipe" to his mouth and light it. The substance inside the "crack pipe" tested positive for cocaine. The evidence was sufficient to prove the elements of possession of cocaine beyond a reasonable doubt. Further, we are not persuaded that the jury improperly weighed the evidence. The weight to be given the evidence and the credibility of the witnesses were primarily for the jury. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. We hold that the jury did not lose its way in finding Kennedy guilty. The second and third assignments of error are overruled.
Kennedy's fourth assignment of error alleges that the trial court erred in refusing to give his requested jury instruction on the definition of "knowingly possessed." Kennedy's proposed jury instruction stated,
 Quantity and the form in which that quantity manifests itself may be one of the many factors considered in determining whether the defendant "knowingly possessed" a drug. Possession means having control over a thing or substance, but may not be inferred from mere access to the thing or substance[.]
The trial court instructed the jury as follows:
 What does it mean to act knowingly? A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result, or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. Since you cannot look into the mind of another, knowledge is determined from all of the facts and circumstances in evidence.
 What is possession? Possession is a voluntary act if the possessor knowingly procured or received the controlled substance, or was aware of his control thereof for a sufficient period of time such that he could have ended his possession. A person has possession when he knows that he has the object on or about his person or property, or places it where it is accessible to his use or directions, and he has the ability to direct or control its use.
 Ownership is not necessary for possession. A person may possess or control property belonging to another. Possession means having control over a thing or substance, but may not be inferred solely from the mere access to the thing or substance.
(T.p. 117-118.)
In State v. Lessin (1993), 67 Ohio St.3d 487, 620 N.E.2d 72, citingState v. Nelson (1973), 36 Ohio St.2d 79, 303 N.E.2d 865, paragraph one of the syllabus, overruled on other grounds in State v. Fanning (1982),1 Ohio St.3d 19, 437 N.E.2d 583, the Ohio Supreme Court stated,
 In a criminal case, it is not mandatory upon a trial court to give requested instructions to the jury verbatim, but if the requested instructions contain a correct, pertinent statement of the law and are appropriate to the facts they must be included, at least in substance, in the court's charge to the jury.
 We hold that the trial court did not err in refusing to give the requested jury instruction. The instruction, to the extent that it correctly stated the law and was appropriate to the facts of the case, was included in the substance of the trial court's general charge to the jury. We point out that State v. Allen (1999), 102 Ohio Misc.2d 7, 723 N.E.2d 674, upon which Kennedy relies to support his request for a "quantity and form" instruction, is distinguishable from the instant case, because the arresting police officer in Allen saw nothing to indicate that the defendant was smoking or using drugs. In this case, the arresting officer saw Kennedy hold a "crack pipe" to his mouth and light it. The fourth assignment of error is overruled.
The judgment of the trial court is affirmed.
Gorman, P.J., and Hildebrandt, J., concur.
 _______________________ Winkler, Judge.