OPINION.
Defendant-appellant Burton J. Spaulding contests the trial court's denial of his motion to suppress the evidence resulting from his custodial interrogation by a Cincinnati police officer while Spaulding was in the back of a police cruiser parked outside the entrance to the Hamilton County Justice Center. Because the officer's inquiry, couched in terms of a routine warning against contraband, was designed to elicit an incriminating response from Spaulding and was made without first administering the warnings against self-incrimination, the trial court's ruling was legally erroneous.
Cincinnati police officer James Fox arrested Spaulding at 2:30 a.m. on April 7, 2001. Firefighters had reported that Spaulding was acting erratically. Officer Fox investigated and found that Spaulding had outstanding arrest warrants and took him into custody. He was searched, placed in the back of Officer Fox's cruiser, and transported to the Hamilton County Justice Center. Officer Fox did not give the Miranda
warnings against self-incrimination to Spaulding.
Just outside the Justice Center, Officer Fox asked Spaulding "if there was anything in his shoes or socks, something like a pill that he would not want to transport into the jail because they will find it and charge him." Officer Fox noted at the suppression hearing, "I basically do that for all the prisoners. I tell them, if you have anything you are hiding I didn't find, if you transport it inside, it is a felony. It is a drug." In response to the officer's inquiry, Spaulding admitted that he had two small packets of cocaine in his left shoe.
Spaulding was charged and prosecuted for possession of the cocaine secreted in his shoe. At the hearing on Spaulding's motion to suppress the cocaine, the trial court concluded that Officer Fox's inquiry was not interrogation and denied the motion. Spaulding then withdrew his not-guilty plea and entered a plea of no contest. He was found guilty of possession of cocaine, a fifth-degree felony.[1]
In his sole assignment of error, Spaulding argues that the trial court erred by failing to grant his motion to suppress. Spaulding claims that he was subjected to custodial interrogation without the benefit ofMiranda warnings.
An appellate court reviewing a trial court's ruling on a motion to suppress must give great deference to its findings of historical fact. See State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. The reviewing court must independently determine, as a matter of law, however, whether the facts meet the appropriate legal standard. SeeOrnelas v. United States (1996), 517 U.S. 690, 696-699, 116 S.Ct. 1657; see, also, State v. Deters (1998), 128 Ohio App.3d 329, 334,714 N.E.2d 972.
It is well settled that when a suspect in custody is subjected to interrogation by law enforcement officials, warnings against self-incrimination are required before the interrogation, and their omission requires that the defendant's statements and the fruit of those statements be suppressed at trial. See Miranda v. Arizona (1966),384 U.S. 436, 444, 86 S.Ct. 1602. There is no dispute that Spaulding was in custody and did not receive a Miranda warning before Officer Fox asked whether Spaulding was hiding any drugs. On appeal, the state contends that the inquiry was not interrogation, or that if it was interrogation, it was a permissible booking inquiry, or that its admission was harmless error.
Custodial interrogation refers not only to explicit questioning but also to any words or actions on the part of a police officer, excepting those normally incident to arrest and custody, that the officer should know are reasonably likely to induce an incriminating response from the suspect. See Rhode Island v. Innis (1980), 446 U.S. 291, 300-301,100 S.Ct. 1682; see, also, State v. Williams (1983), 6 Ohio St.3d 281,452 N.E.2d 1323, paragraph five of the syllabus.
Here, the officer's inquiry — in effect, "tell me if you are carrying drugs because it is a felony to carry them into the jail" was designed to elicit an incriminating testimonial response from Spaulding. Requiring individuals in custody in the back of a police cruiser to acknowledge that they are carrying narcotics in all probability will result in incriminating responses. "When a statement, question or remark by a police officer is reasonably likely to elicit an incriminating response from a suspect, it is an interrogation." State v. Knuckles
(1992), 65 Ohio St.3d 494, 605 N.E.2d 54, paragraph two of the syllabus; see, also, State v. Tucker, 81 Ohio St.3d 431, 436, 1998-Ohio-438,692 N.E.2d 171.
The state next contends that Officer Fox's inquiry was nonetheless permissible because he was merely conducting an administrative function routinely performed to instruct prisoners about the consequences of bringing contraband into the jail facility. Police may ask some routine questions necessary for the booking of a suspect who has been advised of his right against self-incrimination and who has invoked his right to remain silent, such as name, address, height, weight, eye color, date of birth, and current age. See Pennsylvania v. Muniz (1990), 496 U.S. 582,110 S.Ct. 2638.
But the questioning here, couched in advice appearing to help a suspect to avoid a felony charge, was not seeking routine booking information but testimonial evidence "relat[ing] a factual assertion" of guilt. See id. at 589, 110 S.Ct. 2638, quoting Doe v. United States (1988), 487 U.S. 201,210, 108 S.Ct. 2341; see, also, Cincinnati v. Gill (1996),109 Ohio App.3d 580, 582-583, 672 N.E.2d 1019. As it is this kind of coerced testimonial evidence that the Self-Incrimination Clause guards against, we hold that Officer Fox's inquiry into whether Spaulding was carrying any drugs into the jail facility, without any Miranda warnings, was interrogation reasonably likely to elicit an incriminating testimonial response and, therefore, violated Spaulding's privilege against self-incrimination.
Finally, the state contends that even if Spaulding underwent custodial interrogation, the admission of Spaulding's statement that he had cocaine in his shoe was harmless error because "the police officer's question helped [the] defendant" to avoid a charge of illegally conveying a prohibited item into a jail facility. See R.C. 2921.36; see, also, Arizonav. Fulminante (1991), 499 U.S. 279, 310, 111 S.Ct. 1246. An error in the admission of evidence is harmless beyond a reasonable doubt if the remaining evidence, in the prosecution at issue, standing alone, constitutes overwhelming proof of the defendant's guilt. See State v.Williams, paragraph six of the syllabus. Here, there is no remaining evidence of cocaine possession beside Spaulding's statement and the fruit of that statement; its admission was not harmless error. That Spaulding's statement prevented the state from bringing the additional charge is irrelevant to the harmless-error analysis in the appeal of the conviction in this case. The assignment of error is sustained.
Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with law.
Judgment reversed and cause remanded.
Sundermann and Winkler, JJ., concur.
[1] We note that the trial court's journal on Spaulding's no-contest plea erroneously reflects a finding of "not guilty." The court's judgment entry correctly indicates a finding of guilty and the imposition of a community-control sanction.