OPINION.
{¶ 1} In these three consolidated appeals, plaintiff-appellant, the state of Ohio, appeals pursuant to Crim.R. 12(K), contending that the Hamilton County Municipal Court erred in granting defendant-appellee Robert Perez's motion to suppress evidence in his prosecution for operating a motor vehicle while under the influence of alcohol and for operating a vehicle without reasonable control.
 {¶ 2} In a single-car accident, Perez's vehicle struck a car parked directly in front of Cincinnati's District Two police station. As a result of the accident, the state brought three charges against him. In case number 03TRC-37300(A) ("the A-charge"), the state charged that Perez was operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). In case number 03TRC-37300(B) ("the B-charge"), the state charged that Perez was operating a vehicle with a concentration of .090 grams of alcohol per 210 liters of breath, in violation of R.C. 4511.11(A)(3). And in case number 03TRC-37300(C) ("the C-charge"), the state charged that Perez was operating a vehicle without reasonable control, in violation of R.C. 4511.202. The trial court granted Perez's motion to suppress evidence in all three cases.
 {¶ 3} Because the state failed to appeal in a timely manner from the trial court's ruling on the A-charge and failed to diligently prosecute the appeal from the C-charge, we dismiss the state's appeals in appeal number C-040363 and appeal number C-040365. Because the trial court erred in finding that Perez's Intoxilyzer-breath-test results had been obtained in violation of his right to counsel, the judgment of the trial court is reversed in appeal number C-040364.
 FACTS {¶ 4} A Cincinnati police sergeant, standing outside the District Two station, heard squealing tires and turned to see Perez's 1999 Porsche strike a parked car. Both the sergeant and the arresting officer testified that Perez smelled of alcohol. They also observed that Perez had bloodshot, watery eyes. They testified that Perez admitted to recently drinking three glasses of wine. Police administered four field sobriety tests. Because of Perez's poor performance on the tests, he was taken the short distance to the police station where he submitted to a breath test performed on an Intoxilyzer 5000 tester. Perez registered a concentration of .090 grams of alcohol per 210 liters of breath, an amount in excess of the legal limit.
 {¶ 5} Perez maintained that, prior to the administration of the field sobriety tests, he had informed the police that he wanted to call an attorney. He borrowed his passenger's cellular phone to place the call, but, he said, the police forbade him to call. While the state disputed that Perez had asked to speak to counsel before the field sobriety tests, both parties agreed that he had been permitted to speak with counsel before submitting to the Intoxilyzer test.
 TRIAL COURT RULINGS {¶ 6} Perez filed a motion to suppress evidence in all three cases. He offered the testimony of a toxicologist who offered the opinion that Perez's participation in the Atkins diet program had resulted in an unreliable Intoxilyzer reading. Perez also argued that the police had lacked probable cause to conduct the field sobriety tests, and that Perez's right to counsel had been violated.
 {¶ 7} The trial court held two hearings on the motion. At the May 19, 2004, hearing, the trial court found that the police had had probable cause to administer field sobriety tests. But the trial court concluded, for reasons immaterial to the resolution of this appeal, that "all the field sobriety tests are * * * not going to be admissible at the trial of the case. * * * So I'm going to write on the judge's sheet on the (A)(1) [the A-charge] that all the field sobriety tests are suppressed and I'm taking it under advisement on the (A)(3) [the B-charge] which is the test whether or not the chemical test will be suppressed." The trial court continued the hearing on the B-charge issues of the test's reliability and Perez's right to counsel until June 4, 2004. At that hearing the trial court found that Perez's Fifth Amendment rights had been violated and granted the motion to suppress as to the B-charge.
 {¶ 8} While the trial court did not mention the C-charge at either suppression hearing, its journal reflects that, on June 4, 2004, it also granted the motion to suppress as to the C-charge.
 THE STATE'S UNTIMELY APPEAL OF THE A-CHARGE {¶ 9} During the May 19, 2004, hearing, the trial court indicated that it was granting the motion as to the field sobriety tests — the factual predicate for the prosecution of the A-charge. Its docket journal for the A-charge states "Motion to Suppress — all field sobriety test[s] ordered suppressed." The trial court also continued the hearing as to the B-charge. The trial court incorrectly informed the state, "You have 28 days to appeal anyway so I'm going to bring it back in a week or two."
 {¶ 10} The state filed its notice of appeal from the granting of the motion to suppress the field sobriety evidence on June 11, 2004 — twenty-two days after the entry of the order granting the motion to suppress. The notice of appeal included a certification that the state was not taking an appeal for purposes of delay, and that the trial court's ruling had destroyed any reasonable possibility of an effective prosecution. See Crim.R. 12(K).
 {¶ 11} Despite the trial court's misleading statement as to the time for appeal, it affirmatively stated that it was journalizing an entry granting the motion to suppress that day. The burden then rested squarely upon the state to file a timely appeal from that entry. See State v.Felty (1981), 2 Ohio App.3d 62, 63-64, 440 N.E.2d 803. Crim.R. 12(K), formerly Crim.R. 12(J), provides as follows: "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion." (Emphasis added.)
 {¶ 12} A court of appeals has jurisdiction to entertain the state's appeal from a trial court's decision to suppress evidence only where the state has complied with Crim.R. 12(K). See State v. Buckingham (1980),62 Ohio St.2d 14, 402 N.E.2d 536, syllabus (interpreting former Crim.R. 12[J]); see, also, State v. Bassham, 94 Ohio St.3d 269, 2002-Ohio-79,762 N.E.2d 963. The state failed to appeal within the seven-day period identified in Crim.R. 12(K) and App.R. 4(B)(4). Therefore the state's appeal, number C-040363, from the order granting the motion to suppress in the A-charge, is dismissed.
 NO RIGHT TO COUNSEL AT SOBRIETY TESTS {¶ 13} In the second assignment of error, the state argues that the trial court erred in granting the motion to suppress the results of the Intoxilyzer test when it found that the test results were "a fruit of the poisonous tree[,] [because Perez had] invoked his Miranda rights when he asked to use his cell phone." The state timely filed its notice of appeal from the order entered in the B-charge, alleging that Perez had operated a vehicle under the influence of alcohol after failing an Intoxilyzer test, in violation of R.C. 4511.19(A)(3). See Crim.R. 12(K).
 {¶ 14} The trial court found that Perez's requests to use his passenger's cellular phone to speak to counsel invoked his Fifth Amendment right to counsel, and that, therefore, all police inquiry should have ceased, including the Intoxilyzer test. If a defendant invokes his right to counsel at any time during custodial interrogation, police questioning must cease. See Minnick v. Mississippi (1990), 498 U.S. 146, 147,111 S.Ct. 486; see, also, Edwards v. Arizona (1981), 451 U.S. 477, 484-85,101 S.Ct. 1880; State v. Knuckles (1992), 65 Ohio St.3d 494, 605 N.E.2d 54, paragraph one of the syllabus.
 {¶ 15} But this right to counsel is dependent upon the constitutional privilege against self-incrimination by testimonial evidence. For example, police inquiry into an accused person's reasons for refusing to take a breath test, after that person has asked for counsel, constitutes an interrogation reasonably likely to elicit an incriminating testimonial response and, therefore, violates the Fifth Amendment. See Cincinnati v.Gill (1996), 109 Ohio App.3d 580, 583, 672 N.E.2d 1019.
 {¶ 16} Here, Perez was not entitled to assert his privilege against selfincrimination to avoid taking either the field sobriety tests or the Intoxilyzer test, because the privilege applies only to a custodial interrogation and not to tests like these that are designed to develop physical, and not testimonial, evidence. See Schmerber v. California
(1966), 384 U.S. 757, 86 S.Ct. 1826; see, also, State v. Sherman (Dec. 11, 1998), 1st Dist. No. C-970813.
 {¶ 17} Perez also had no Sixth Amendment constitutional right to counsel prior to taking either test. The Sixth Amendment right to counsel applies only to the critical stages of the proceedings against the accused. The performance of field sobriety and Intoxilyzer tests are not critical stages of a prosecution. See McNulty v. Curry (1975),42 Ohio St.2d 341, 328 N.E.2d 798; see, also, State v. Myers (1990),66 Ohio App.3d 717, 720, 586 N.E.2d 155.
 {¶ 18} Moreover, while R.C. 2935.20 affords an accused a statutory right to counsel upon arrest, detention, or being taken into custody, the exclusionary rule, used here by the trial court, is not available as a sanction for a violation of this statute. See Fairborn v. Mattachione,72 Ohio St.3d 345, 1995-Ohio-207, 650 N.E.2d 426. The Ohio Supreme Court's recent use of the exclusionary rule as a remedy for violations of Ohio's minor-misdemeanor-arrest statute, see State v. Brown,99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175, at ¶ 25, does not undermine Fairborn. The Brown remedy was predicated on the court's use of the rule to validate a state constitutional right to freedom from warrantless searches for minor misdemeanors. See id. There is no similar stateconstitutional protection at stake here. The Ohio Supreme Court has not extended the Brown remedy beyond minor-misdemeanor prosecutions. SeeState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 55. Therefore, the second assignment of error is sustained.
 {¶ 19} Those portions of the state's first assignment of error that assert that the police had probable cause to administer field sobriety tests and the Intoxilyzer test are also sustained. Indeed, the trial court itself concluded that the observations of the police sergeant and the investigating officer provided probable cause to investigate the accident. Perez's erratic operation of his vehicle, the smell of alcohol, and the admission of recent alcohol consumption alone provided probable cause to investigate, if not to actually arrest. See, e.g., Statev. Deters (1998), 128 Ohio App.3d 329, 334, 714 N.E.2d 972.
 FAILURE TO ASSIGN OR ARGUE ERROR ON THE C-CHARGE {¶ 20} The state filed appeal number C-040365 from the motion to suppress granted in the C-charge, alleging a violation of R.C. 4511.202, operating a vehicle without reasonable control. The notice of appeal states that the order being appealed from was entered on June 11, 2004. The trial court's journal, however, indicates that the trial court granted the motion at issue on June 4, 2004. Nonetheless, the notice of appeal was filed in a timely manner within seven days of June 4, under the proper case number, and demonstrated the state's intent to appeal to this court from the granting of the motion to suppress in the C-charge. See App.R. 3(D).
 {¶ 21} Despite its appeal from the trial court's entry, the state has not assigned as error or argued in its brief that the granting of the motion to suppress on the C-charge was error. To receive consideration on appeal, trial errors must be raised by assignment of error and must be argued and supported by legal authority and citation to the record.
 {¶ 22} App.R. 12(A)(1)(b) limits appellate review by allowing a court only to "determine the appeal on its merits on the assignments of error set forth in the briefs." Neither of the state's two assignments of error raises any suggestion of error in regard to the C-charge. In the absence of an assignment of error, this court has no authority to proceed sua sponte to review the C-charge. See Eve v. Johnson (Oct. 30, 1998), 1st Dist. No. C-970957; see, also, Hicks v. Westinghouse Material Co. (Sept. 27, 1995), 1st Dist. No. C-940094.
 {¶ 23} Moreover, a court of appeals does not review the proceedings in the trial court where the appellant has neglected to provide any argument, citation to legal authority, or reference to the record relating to the alleged error. See App.R. 16(A); see, also, State v.Watson (1998), 126 Ohio App.3d 316, 321, 710 N.E.2d 340, discretionary appeal not allowed (1998), 82 Ohio St.3d 1413, 694 N.E.2d 75.
 {¶ 24} We note that Crim.R. 12(K) provides that "[a]ny appeal taken under this rule shall be prosecuted diligently." As the state has not presented any assignments of error or argument for review in appeal number C-040365, the appeal is dismissed. See App.R. 12(A)(1)(b) and 16(A); see, also, State v. Bertram (May 8, 1998), 1st Dist. Nos. C-960005 and C-960006.
 CONCLUSION {¶ 25} Because we lack jurisdiction to proceed on appeal number C-040363, and because appeal number C-040365 is subject to dismissal for lack of diligent prosecution, the trial court's orders granting the motion to suppress relative to the A-charge and the Ccharge stand. Therefore, "the state shall be barred from prosecuting" Perez for these offenses "except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal." Crim.R. 12(K).
 {¶ 26} The trial court correctly found that the police had probable cause to administer the field sobriety and Intoxilyzer tests. On this basis, we sustain that aspect of the first assignment of error. But we hold that the trial court erred in suppressing the test results on right-to-counsel grounds. For that reason, we sustain the second assignment of error. Accordingly, we reverse the judgment of the trial court granting Perez's motion to suppress, and we remand this case for further proceedings on the B-charge consistent with the law and with this Opinion.
Judgment accordingly.
Hildebrandt, P.J., and Sundermann, J., concur.