The State of Ohio, Appellee, *v.* Caltrider, Appellant.

(No. 74-813—Decided July 16, 1975.)

158

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Messrs. Campbell, Schwarzwalder & Sanford* and *Mr. Jay H. Sanford,* for appellant.

CELEBREZZE, J. This case presents, for the first time, a determination of the scope of Crim. R. 12(J).

In pertinent part, Crim. R. 12(J) reads:

"The state may take an appeal as of right from the granting of a motion for the return of seized property, or from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

"Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be diligently prosecuted."

From the papers and documents filed in this case it is obvious that the original motion to suppress filed by appellant herein had reference to that part of Crim. R. 12(J) which reads "a motion to suppress evidence" as opposed to that part of the rule which states "a motion for the return of seized property." We would conclude from that choice of words employed by the appellant (movant) that the motion was directed to all the evidence in the state's file, which would include testimonial evidence. From a persual of the trial court's ruling suppressing "all" evidence it is difficult to conclude otherwise.

The rule provides further:

"Any appeal taken under this rule shall be diligently prosecuted."

Appellant points out that the state did not attempt to argue any other suppression of evidence except the film seized. However, the state's notice of appeal appears to be all-inclusive, inasmuch as the state announces its intention to have the decision "sustaining the motion to suppress" reviewed.

Appellee correctly sets forth the law of the time in its reference to *State* v. *Collins* (1970), 24 Ohio St. 2d 107, wherein the syllabus reads:

"'The state may not prosecute an appeal in a criminal case from an order sustaining a pre-trial motion to suppress evidence."

However, as noted by appellee in his brief and judiciously predicted by Justice Herbert in his opinion, the General Assembly of Ohio has amended R. C. 2945.70, allowing the state limited appeal and ratified the Ohio Rules of Criminal Procedure established by this court, more particularly Crim. R. 12(J). Appellee argues that while the state may have been granted this limited appeal, nowhere is it provided that the defendant may seek a further review. We disagree, and call the attention of appellee to Section 2(B)(2), Article IV of the Ohio Constitution, which provides, in pertinent part:

"The Supreme Court shall have appellate jurisdiction as follows:

"* * *

"(d) In cases of public or great general interest, the Supreme Court may direct any Court of Appeals to certify its record to the Supreme Court, and may review and affirm, modify, or reverse the judgment of the Court of Appeals * * *."

This court determines that while neither the doctrine of *res judicata* nor that of collateral estoppel (estoppel by judgment) is applicable in a case of this nature, the record herein calls for a similar equitable application. We are of the opinion that the second appeal initiated by the state was not in keeping with the spirit or intent proposed under Crim. R. 12(J), nor *In re Becker* (1974), 39 Ohio St. 2d 84, cited in its brief, wherein, at page 87, the following language may be found:

"* * * It is time for an end to endless appeals that perpetuate procrastination, and a time for this court to give direction and a definite order of instruction determining the path of appellate procedure in these matters."

The same writer steadfastly adheres to that principle.

This court finds that the trial court had suppressed all the evidence in its order of October 9, 1973, which was

subsequently affirmed by the Court of Appeals; and that the second motion "for an order to enforce the trial court's order of suppression" was ancillary to the ruling previously affirmed by the Court of Appeals, and, therefore, was not within the limited scope of review provided for in Crim. R. 12(J).

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN and W. BROWN, JJ., concur.

HERBERT, J., concurs in paragraphs two and three of the syllabus and in the judgment.

P. BROWN, J., concurs in the judgment only.