OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Appellant, Wallace Mitchell, pro-se appeals the decision of the Mahoning County Court of Common Pleas denying his motion for relief from judgment. Because Mitchell failed to allege a meritorious claim or defense in his motion for relief from judgment under Civ.R. 60(B), we affirm the decision of the trial court.
 {¶ 2} This case originated in April of 1999 when Mitchell filed a complaint against Appellee, Floyd Haynes, in an action involving real property. After several years of litigation, the magistrate appointed to the case entered a decision in favor of Haynes on December 15, 2004. The clerk's office mailed copies of the decision to the parties on December 21, 2004. Objections were filed by Mitchell on January 6, 2005, the same day the trial court adopted the decision of the magistrate. On January 25, 2005, the trial court placed an entry on the record stating that it did not consider the objections as they were not timely filed. Mitchell responded to this order with a motion for relief from judgment pursuant to Civ.R. 60 (B) along with a request to file objections out of time. The trial court denied both requests on April 6, 2005.
 {¶ 3} Mitchell asserts the following assignments of error:
 {¶ 4} "Trial court erred in recognizing a non-existing finalized settlement agreement."
 {¶ 5} "Appellees default has never been cured on the record and Appellees remain in default."
 {¶ 6} "The close personal relationship between the magistrate and defense counsel biased the magistrate's decisions."
 {¶ 7} "Trial court erred in not ruling whether the magistrate decision of January 21, 2005, is accepted as the action of the court.
 {¶ 8} "The trial court erred in holding the objections to the magistrate's decisions were untimely and denying the motions for relief from judgment."
 {¶ 9} In a judgment entry dated June 15, 2005 this Court noted that no timely appeal was taken from the judgment which adopted the magistrate's decision. Instead, Mitchell filed for relief from judgment and sought to file objections out of rule. This Court further stated that neither filing tolled the time for filing an appeal. Accordingly, this Court concluded that the instant appeal will be limited to the April 6, 2005 judgment overruling his motion for relief from judgment and ruling on his motions for leave to file objections out of rule. Thus, we will only address Mitchell's last assignment of error which challenges the rulings found in the April 6, 2005 judgment entry regarding his motion for relief from judgment.
 {¶ 10} The Ohio Supreme Court set out the controlling test for motions brought under Civ.R. 60(B) in GTE Automatic Elec.,Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146 The movant must demonstrate: (1) a meritorious defense or claim; (2) entitlement to relief under one of Civ.R. 60(B)'s five grounds; and (3) a reasonably timely motion, which is not more than one year after the judgment if one of the first three grounds for relief is alleged." Id. at ¶ 2, of syllabus.
 {¶ 11} Civ.R. 60(B) states in relevant part:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *; or (5) any other reason justifying relief from the judgment."
 {¶ 13} An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent a showing of abuse of discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174;Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion is more than an error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} Here, Mitchell has filed a motion for relief from judgment from the January 25, 2005 judgment entry in which the court held:
 {¶ 15} "On December 15, 2004 the Magistrate filed his Decision in the above-captioned matter. Pursuant to Civil Rule 53 (E)(3)(a) `Within fourteen days of the filing of a Magistrate's Decision a party may file written objections to a magistrate's decision.'
 {¶ 16} "Plaintiff filed Objections to the Magistrate's Decision on January 6, 2005 with the Clerk of Courts. This Court did not receive the obligatory copy of said Objections, nor was this Court made aware of such Objections until January 24, 2005. On January 6, 2005 this Court affirmed the Decision of the Magistrate, a period of one week after the deadline for filing such objections.
 {¶ 17} "Wherefore, Plaintiff's Objections are untimely and are overruled as moot. There being no just cause for delay, Judgment is entered accordingly."
 {¶ 18} In his motion for relief from judgment, Mitchell challenged this entry on several grounds including the fact that the trial court did not consult the docket to see that there were objections filed and the fact that it alludes to not being given an obligatory copy of the objections. Mitchell further claims that the clerk's office did not send out the magistrate's decision within three days of its issuance pursuant to Civ.R. 5. Instead, the docket indicates the clerk's office did not mail out the decision until six days after it was rendered by the magistrate. These alleged errors are apparent from the record and therefore could have been raised on direct appeal.
 {¶ 19} It is well-established that a motion under Civ.R. 60(B) may not be used as a substitute for a direct appeal.Risner v. Cline, Champaign App. No. 2003-CA-24, 2004-Ohio-3786, citing Doe v. Trumbull Cty. Children Servs. Bd. (1986),28 Ohio St.3d 128, 502 N.E.2d 605 (Civ.R.60(B) motion may not be based on a change in the decisional law after final judgment has been rendered). As explained by the Tenth District Court of Appeals:
 {¶ 20} "[A] motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision. Chester Twp. v. Fraternal Order ofPolice (1995), 102 Ohio App.3d 404, 408, 657 N.E.2d 348. The type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis. Antonopoulos v. Eisner (1972),30 Ohio App.2d 187, 284 N.E.2d 194; Carrabine v. Brown (Aug. 13, 1993), Geauga App. No. 92-G-1736. In order to contest the trial court's judgment dismissing his motion, appellant was required to directly appeal that judgment. Civ.R. 60(B) relief cannot be employed as a substitute for an appeal. Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128, 131,502 N.E.2d 605." Tonti v. Tonti, Franklin App. Nos. 03AP-494, 03AP-728,2004-Ohio-2529, ¶ 130.
 {¶ 21} Moreover, the trial court did not abuse its discretion in denying relief because Mitchell has wholly failed to assert a meritorious claim or defense in his motion for relief from judgment. This is a fatal flaw under the GTE standard as it is well established that if any one of its three requirements is not met, the motion should be overruled. Rose Chevrolet at 20, citing Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351;Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578. Thus, this court need not further analyze whether or not Mitchell was entitled to relief or whether his motion was timely.
 {¶ 22} Because of Mitchell's failure to assert whether he had a meritorious claim or defense in the underlying action, the trial court did not abuse its discretion. Accordingly, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.