The STATE of Ohio, Appellant,

v.

TATE, Appellee.

[Cite as *State v. Tate,* 179 Ohio App.3d 135, 2008-Ohio-5820.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 08 MA 221.

Decided Nov. 6, 2008.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Rhys B. Cartwright–Jones, Dawn Cantalamessa, and Martin Desmond, Assistant Prosecuting Attorneys, for appellant.

John B. Juhasz; and Maro & Schoenike Co. and Lynn Maro, for appellee.

WAITE, Judge.

{¶ 1} On May 4, 2006, appellee, Terrance Tate, was indicted for the murder of a child who had died from blunt-force injuries. Prior to the indictment, appellee gave a statement to officers of the Youngstown Police Department. Appellee later filed a motion to suppress that statement, and the motion was sustained by the Mahoning County Court of Common Pleas. The state, through the prosecutor's office, filed an immediate appeal of the suppression order, and we affirmed

the trial court's ruling based on the violation of appellee's Miranda rights. The case was then remanded to the trial court.

{¶ 2} After remand, the state continued to prosecute this case, and as part of that prosecution, it filed two motions with the trial court to vacate the suppression order that had already been appealed to this court. On October 31, 2008, appellant, state of Ohio, filed a notice of appeal and motion for leave to appeal an entry of October 14, 2008, denying its second motion to vacate a suppression order.

{¶ 3} Appellant is attempting to pursue this appeal under the authority of R.C. 2945.67(A), which states:

{¶ 4} *"A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."* (Emphasis added.) App.R. 5(C) governs the procedure for seeking leave to appeal under R.C. 2945.67(A).

{¶ 5} The decision that appellant is seeking leave to appeal is a judgment entry overruling a second motion to vacate a suppression order. As mentioned above, appellant had previously appealed the suppression order to this court, and we upheld the judgment of the trial court. *State v. Tate*, 7th Dist. No. 07 MA 130, 2008-Ohio-3245, 2008 WL 2583041. After the case was remanded to the trial court, appellant filed its first motion to vacate the suppression order. The motion was premised on certain letters that were sent by the defendant to the trial court, which letters may have been unknown to the prosecution at the time of the suppression hearing. The trial court overruled the motion to vacate, and appellant attempted to appeal the ruling to this court. We dismissed the appeal because it was not filed within the time limits set forth in App.R. 4. *State v. Tate*, 7th Dist. No. 08 MA 204, 2008-Ohio-5686, 2008 WL 4785496.

{¶ 6} Appellant filed a second motion to vacate the suppression order. This motion was premised on the existence of allegedly new evidence attempting to show that certain testimony given during the suppression hearing was not entirely truthful. The trial court overruled the motion on October 14, 2008, and appellant has filed yet another appeal under the discretionary provisions of R.C. 2945.67(A).

{¶ 7} We agree with appellant that if the trial court's judgment may be appealed at all, it may be appealed only as a discretionary appeal. Although a

prosecutor may pursue an appeal as of right of an adverse ruling on a defendant's motion to suppress, there is nothing in R.C. 2945.67(A) that allows the prosecutor to appeal as of right a subsequent motion to vacate a suppression order.

{¶ 8} Regardless of the basis on which appellant is attempting to appeal the trial court's ruling, we have no jurisdiction to accept this appeal. The Eighth District Court of Appeals has held: "There is no provision in the Rules of Criminal Procedure for a motion to vacate a final order granting a motion to suppress. 'Courts in Ohio not only have no authority to reconsider a valid final judgment in criminal cases * * * they are also precluded from reentering judgment in order to circumvent the App.R. 4(A) limitation period.' *State v. Myers* (Nov. 18, 1993), Cuyahoga App. No. 65309, unreported [1993 WL 483554]; *State v. Bernard* (May 26, 2000), Montgomery App. No. 18058, unreported [2000 WL 679008]." *State v. Mayo* (April 24, 2002), 8th Dist. No. 80216, 2002 WL 853547.

{¶ 9} The Rules of Criminal Procedure provide the state with one direct appeal of an adverse ruling of a suppression motion. Crim.R. 12(K). Appellant has pursued that appeal and was unsuccessful. Appellant has filed two further motions with the trial court to overturn not only the trial court's ruling, but also our judgment in the matter. The state in general is prohibited from filing appeals in criminal cases, and any limited rights of appeal provided by rule or statute are strictly construed. *State v. Caltrider* (1975), 43 Ohio St.2d 157, 72 O.O.2d 88, 331 N.E.2d 710, paragraph one of the syllabus. The Ohio Supreme Court has observed that a court of appeals "lack[s] jurisdiction over an appeal challenging a trial court's ruling on a motion for reconsideration of a suppression order." *State v. Bassham* (2002), 94 Ohio St.3d 269, 272, 762 N.E.2d 963. We see no reason to treat a motion to vacate a suppression order differently from a motion to reconsider a suppression order, particularly after we have accepted the suppression order as a final, appealable order, and affirmed the judgment of the trial court.

{¶ 10} We have no jurisdiction to entertain a discretionary appeal from the state of a judgment entry overruling a motion to vacate a suppression order. For this reason, the state's motion for leave to appeal is denied, and this appeal is hereby dismissed. Pending motions for stay of the trial court's proceedings and appointment of appellate counsel are dismissed as moot.

{¶ 11} Costs taxed against the state of Ohio.

Appeal dismissed.

DeGenaro, P.J., concurs.

Donofrio, J., dissents.

DONOFRIO, Judge, dissenting.

{¶ 12} I respectfully dissent from the majority's conclusion that this court does not have jurisdiction to entertain this appeal.

{¶ 13} Plaintiff-appellant, state of Ohio, appeals a pretrial decision of the Mahoning County Common Pleas Court overruling its second motion to vacate a decision suppressing statements made by defendant-appellee, Terrance Tate.

{¶ 14} This case involves a one-year-old child who was admitted to the hospital with blunt-force injuries. Police questioned Tate concerning the child's injuries, and he made incriminating statements. The child later died from those injuries, and Tate was indicted for aggravated murder with a death-penalty specification. The trial court suppressed those statements, and the state appealed. In a thorough and detailed opinion, this court affirmed the trial court's suppression decision. *State v. Tate*, 7th Dist. No. 07 MA 130, 2008-Ohio-3245, 2008 WL 2583041.

{¶ 15} Upon remand, on August 22, 2008, the state filed a Civ.R. 60(B) motion to vacate the suppression order alleging that it had not been provided evidence that would have affected the outcome of the suppression hearing. Specifically, the motion was based on certain letters that Tate had sent to the trial court but were not provided to the state at the time of the suppression hearing. The trial court overruled the motion, and the state appealed. This court dismissed the appeal as untimely. *State v. Tate*, 7th Dist. No. 08 MA 204, 2008-Ohio-5686, 2008 WL 4785496.

{¶ 16} The state filed a second motion to vacate the suppression order on September 18, 2008. The motion was based on a witness's coming forward who had indicated that Tate and his mother had colluded to lie at the suppression hearing in order to have his statements suppressed. The trial court heard the matter on October 1, 2008, and overruled the motion on October 14, 2008, based principally on an erroneous application of the law-of-the-case doctrine and this court's decision affirming the suppression order. This appeal followed.

{¶ 17} Because this appeal involves an order denying a motion to vacate a suppression ruling and is not an appeal of the suppression ruling itself, the prosecutor may appeal the decision only by leave of this court. R.C. 2945.67(A). The decision to grant or deny the state's motion for leave to appeal is solely within the discretion of the appellate court. *State v. Matthews* (1998), 81 Ohio St.3d 375, 378, 691 N.E.2d 1041; *State v. Fisher* (1988), 35 Ohio St.3d 22, 26, 517 N.E.2d 911.

{¶ 18} I disagree with the majority's conclusion that we have no jurisdiction over a decision overruling a motion to vacate a suppression order. I acknowledge

the absence of any specific criminal rule allowing vacation of a previous suppression order. But Crim.R. 57 provides, "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Here, an applicable civil rule is found in Civ.R. 60(B)(3), which states "On motion and upon such terms as are just, the court may relieve a party or his legal representative from final judgment, order or proceeding for the following reasons: * * * (3) fraud * * *, misrepresentation or other misconduct of an adverse party." Therefore, Crim.R. 57 and Civ.R. 60(B)(3) provide a basis upon which the trial court may vacate a previous order if such order was based on fraud.

{¶ 19} Relying on these two rules, the Twelfth District in *State v. Groves* (Dec. 23, 1991), 12th Dist. No. CA91–02–014, 1991 WL 274317, concluded that a trial court may vacate an order for a new trial if such order was based on fraud. In Groves, the defendant had been convicted of murder and had subsequently filed a motion for new trial alleging newly discovered witnesses who would support his claim of self-defense. The court heard the witnesses and granted a new trial. One of the witnesses later recanted and stated that the defendant had coached him and had asked him to lie at the hearing on the new-trial motion. At the state's request and following a hearing on the matter, the court vacated the new-trial order. I believe *Groves* is sufficiently analogous to the present case to support a similar conclusion concerning a trial court's ruling on a motion to vacate a suppression order.

{¶ 20} In addition to the aforementioned rules, there is "guidance from the longstanding deep-rooted rule of law that a court has power to vacate its judgments which have been fraudulently induced. * * * When a fraud is perpetrated upon the court, the impartial adjudication of cases is resultantly obviated." *Montgomery v. Leach* (Apr. 10, 1985), Hamilton App. No. C–840467, 1985 WL 6732, *2. In certain circumstances, "that concern for impartiality in the administration of justice supersedes concern for maintenance of finality of the court's order * * *. The court below should be permitted to rescind its order which, but for the misrepresentations of defendant * * *, never would have been granted." Id.

{¶ 21} Furthermore, the Ohio Supreme Court has said that courts have "inherent authority and the power to vacate * * * judgments for fraud. Independent of and without the sanction of legislative enactment, a court of general jurisdiction such as the Common Pleas Courts of Ohio has the inherent right and power to protect itself against the perpetration of a fraud. Without such right and power the courts would become impotent as the judicial branch of government. A corollary to the possession of such right and power is the duty to exercise such power. The procurement of a judgment by fraud is a fraud upon

the court as well as upon the opposing litigant. A judgment so procured can be vacated by exercise of the inherent power of the court." *Jelm v. Jelm* (1951), 155 Ohio St. 226, 240–241, 44 O.O. 246, 98 N.E.2d 401.

{¶ 22} Based on Crim.R. 57, Civ.R. 60(B)(3), and the trial court's inherent authority to address a fraud perpetrated on it, I would conclude that this court does have jurisdiction to entertain this appeal. However, once our jurisdiction has been properly invoked, this court still has discretion whether or not to grant the state leave to appeal.

{¶ 23} Here, in the state's second motion to vacate, prosecutors indicated that they had met with an inmate who had been incarcerated with Tate at the Mahoning County Jail in 2006 and 2007. The inmate told them that Tate and his mother had colluded to lie at the suppression hearing in order to have the statements suppressed. This meeting took place on August 20, 2008, two days before the state filed its first motion to vacate. But the state did not pursue that alleged fraud as a basis in its first motion to vacate. If the state believed this to be a valid avenue to pursue, it should have done so at that time and in that first motion. In its second motion to vacate, the state cites a letter it received from that same inmate on September 5, 2008, reiterating the alleged fraud. However, the letter serves only to confirm what he had already related to prosecutors at the August 20, 2008 meeting and cannot be construed as new material or evidence to justify the filing of a new, second motion to vacate. To allow the state to appeal an adverse ruling on the second motion to vacate would only encourage further piecemeal litigation and counter the aim of judicial efficiency. Therefore, on the facts and procedural history of this case, I believe this court should exercise its discretion to deny the state's leave to appeal.