[Cite as *State v. Rucci*, 2014-Ohio-1396.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| - VS - | ) | CASE NOS. 13 MA 65-72 |
| SEBASTIAN RUCCI, | ) | |
| CURTIS JONES, | ) | OPINION |
| DERRICK DOZIER, | ) | |
| WAYNE PENNEY, | ) | |
| PETER SCIULLO, | ) | |
| GOGO GIRLS CABARET, | ) | |
| 5455 CLARKINS DR., INC., | ) | |
| TRIPLE-G INVESTMENTS, INC., | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeals from Common Pleas Court, Case Nos. 10 CR 364, 10 CR 364(B), 10 CR 364(C), 10 CR 364(D), 10 CR 364 (E), 10 CR 364(F), 10 CR 364(G), 10 CR 364(H).

JUDGMENT: Dismissed.

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 28, 2014

APPEARANCES:

For Plaintiff-Appellant:

Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Assistant Prosecuting Attorney
21 W. Boardman St., 6th Floor
Youngstown, OH  44503


For Defendants-Appellees:

Attorney James Vitullo
5232 Naushua Drive, Suite 5
Austintown, OH  44515-5122
For Sebastian Rucci,
GoGo Girls Cabaret,
5455 Clarkins Drive, Inc., and
Triple G Investments, Inc.


Attorney Albert Palombaro
4822 Market Street, Suite 301
Youngstown, OH  44512
For Curtis Jones


Attorney Thomas Zena
4822 Market Street, Suite 301
Youngstown, OH  44512
For Derrick Dozier


Attorney Jeffrey Kurz
42 N. Phelps Street
Youngstown, OH  44503
For Wayne Penney


Attorney Paul Conn
8261 Market St., Suite B-2
Youngstown, OH 44512
For Peter Sciullo

DeGenaro, P.J.

{¶1} Appellant, State of Ohio, appeals from the April 4, 2013 judgment entry denying its motion to vacate a November 21, 2011 judgment pursuant to Civil Rule 60(B)(4). The General Assembly has made the public policy determination that the State has very limited appeal rights in criminal proceedings; moreover, those rules are to be strictly construed against the State. Because R.C. 2945.67(A) and App.R. 5(C) provided the State with an opportunity to contest the November 21, 2011 judgment dismissing a majority of the indictment with a direct appeal, which the State did not utilize, a motion to vacate pursuant to Civ.R. 60(B) cannot be used as a substitute for a direct appeal in this case. As no timely appeal was filed from that judgment, our jurisdiction was not properly invoked. Accordingly, this appeal is dismissed.

**Facts and Procedural History**

{¶2} On April 14, 2010, felony indictments were filed against the GoGo Girls Cabaret, Inc., 5455 Clarkins Drive, Inc., Triple G Investments, Inc., Sebastian Rucci, Robert Neill, Curtis Jones, Derrick Dozier, Wayne Penny, and Peter Sciullo ("Appellees"). The twenty three counts include engaging in a pattern of corrupt activity, multiple counts of promoting prostitution, multiple counts of money laundering, and multiple counts of perjury. These cases were assigned to Visiting Judge Thomas P. Curran.

{¶3} Relevant to this appeal, on April 27, 2010, misdemeanor complaints were filed in the Austintown County Court against nineteen dancers of the GoGo Girls Cabaret charging them with multiple counts of prostitution. On September 2, 2011, Judge David D'Apolito granted the dancers' motions to suppress and dismiss, holding that because the evidence did not depict sexual activity as defined by the Revised Code, the prostitution complaints must be dismissed.

{¶4} This ruling led to Appellees moving to dismiss the felony charges pending before Judge Curran, contending res judicata barred the State from further prosecution. Appellees reasoned that because the misdemeanor prostitution complaints were dismissed, they could no longer be charged with promoting prostitution or the related offenses. The State argued that Judge D'Apolito erred in

granting the dancer's motions to suppress and dismiss, that the matter was not res judicata because it was on appeal and therefore had no effect on the present case. When it became apparent during the hearing that Judge Curran was likely to dismiss the indictments, as a fallback position the State asked for a stay of the felony criminal proceedings pending resolution of the appeal of the dismissed misdemeanor complaints.

{¶5} On November 21, 2011, the trial court dismissed all counts in the Indictment against Appellees, except for the perjury charges. Judge Curran stated:

> This court finds that the decision of Judge D'Apolito, is a final appealable order, emanating from a court of record, involving the same parties, or those in privity, possessing a mutuality of interest, including an identity of desired result. The principal element in all of the counts of the indictment (except the perjury counts) is that the Defendants in the instant case promoted dancers who engaged in sexual activity. However, Judge D'Apolito's order contradicts that allegation.

{¶6} Although the State failed to appeal Judge Curran's decision in the felony case, it did appeal Judge D'Apolito's decision dismissing the misdemeanor prostitution complaints. However, on December 31, 2012, this Court reversed Judge D'Apolito's orders granting the Dancers' motions to suppress, and vacated the orders granting the Dancers' motion to dismiss. *See State v. Wallace*, 2012-Ohio-6270, 986 N.E.2d 498 (7th Dist.).

{¶7} In light of *Wallace,* on January 17, 2013, the State filed a motion pursuant to Civ.R.60(B)(4), arguing that Judge Curran's November 21, 2011 judgment entry was erroneous and should be vacated. Appellees argued that the State was attempting to use Civil Rule 60 to circumvent the fact that a direct appeal was not timely filed. On April 4, 2013, Judge Curran denied the State's motion explaining that because the State had various procedures available to challenge the

November 21, 2011 judgment entry, which it failed to utilize, Civ.R. 60(B) could not be used in this case to do so.

### State's Right to Appeal

**{¶8}** In its sole assignment of error, the State asserts:

**{¶9}** "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE STATE'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60(B)(4), BECAUSE CIVIL RULE 60(B) WAS APPLICABLE TO THE STATE PURSUANT TO CRIMINAL RULE 57(B), AND THE PROPER REMEDY FOR CHALLENGING A DISMISSAL OF AN INDICTMENT BASED UPON COLLATERAL ESTOPPEL IS A CIVIL RULE 60(B)(4) MOTION AFTER THE JUDGMENT ENTRY (THAT CREATED THE COLLATERAL ESTOPPEL) IS LATER REVERSED ON APPEAL."

**{¶10}** Resolution of this appeal is dependent upon the interplay between the civil and criminal rules of procedure, as well as the limitations upon the State's ability to appeal in criminal cases. The State filed its motion to vacate pursuant to Civ.R. 60(B), which allows relief from a judgment based upon mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the judgment. *See* Civ. R. 60(B). Although novel at first blush, "Crim. R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance where no applicable Rule of Criminal Procedure exists." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶10.

**{¶11}** Here, the State is challenging the trial court's November 21, 2011 decision dismissing a majority of the counts contained within the felony indictment by seeking to vacate that order via a motion pursuant to Civ.R. 60(B). The State argues that the trial court erroneously concluded that Civ.R. 60(B) was not applicable to criminal proceedings via Crim.R. 57(B). A closer review of the judgment entry does not support the State's characterization. The trial court concluded that applying Civ.R. 60(B) *in this case* was inappropriate; specifically, that the State did have a mechanism – a direct appeal from the November 21, 2011 entry – and it failed to

utilize this procedure. Thus, Judge Curran reasoned, the State could not circumvent this procedure by challenging the entry via a Civ.R. 60(B) motion to vacate.

{¶12} It is a fundamental principle of both civil and criminal procedure that a Civ.R. 60(B) motion is not a substitute for a direct appeal. *State v. Dunn*, 2d Dist. No. 21766, 2007-Ohio-4890; *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755 (2000). Civ.R. 60(B) should not be used as a substitute for an appeal or to raise mistakes allegedly committed by the trial court. *Mitchell v. Haynes*, 7th Dist. No. 05 MA 78, 2006-Ohio-4607, ¶20, citing *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St.3d 128, 131, 502 N.E.2d 605.

{¶13} More importantly, this district has rejected previous attempts by the State to challenge a trial court's decision granting a motion to suppress with a Civ.R.60(B) motion to vacate. In a series of two cases, *State v. Tate*, 179 Ohio App.3d 71, 2008-Ohio-5686, 900 N.E.2d 1018 (*Tate II)* and *State v. Tate*, 179 Ohio App.3d 135, 2008-Ohio-5820, 900 N.E.2d 1067 (*Tate III)*, this court denied the State leave to appeal two separate trial court orders denying the State's motion to vacate, holding that the only remedy available to the State to challenge an adverse suppression ruling is a timely direct appeal.

> The decision that appellant is seeking leave to appeal is a judgment entry overruling a second motion to vacate a suppression order. As mentioned above, appellant had previously appealed the suppression order to this court, and we upheld the judgment of the trial court. *State v. Tate*, 7th Dist. No. 07 MA 130, 2008-Ohio-3245, 2008 WL 2583041. After the case was remanded to the trial court, appellant filed its first motion to vacate the suppression order. The motion was premised on certain letters that were sent by the defendant to the trial court, which letters may have been unknown to the prosecution at the time of the suppression hearing. The trial court overruled the motion to vacate, and appellant attempted to appeal the ruling to this court. We

dismissed the appeal because it was not filed within the time limits set forth in App.R. 4. *State v. Tate*, 7th Dist. No. 08 MA 204, 2008-Ohio-5686, 2008 WL 4785496.

Appellant filed a second motion to vacate the suppression order. This motion was premised on the existence of allegedly new evidence attempting to show that certain testimony given during the suppression hearing was not entirely truthful. The trial court overruled the motion on October 14, 2008, and appellant has filed yet another appeal under the discretionary provisions of R.C. 2945.67(A).

We agree with appellant that if the trial court's judgment may be appealed at all, it may be appealed only as a discretionary appeal. Although a prosecutor may pursue an appeal as of right of an adverse ruling on a defendant's motion to suppress, there is nothing in R.C. 2945.67(A) that allows the prosecutor to appeal as of right a subsequent motion to vacate a suppression order.

Regardless of the basis on which appellant is attempting to appeal the trial court's ruling, we have no jurisdiction to accept this appeal. The Eighth District Court of Appeals has held: "There is no provision in the Rules of Criminal Procedure for a motion to vacate a final order granting a motion to suppress. 'Courts in Ohio not only have no authority to reconsider a valid final judgment in criminal cases * * * they are also precluded from reentering judgment in order to circumvent the App.R. 4(A) limitation period.' *State v. Myers* (Nov. 18, 1993), Cuyahoga App. No. 65309, unreported [1993 WL 483554]; *State v. Bernard* (May 26, 2000), Montgomery App. No. 18058, unreported [2000 WL 679008]." *State v. Mayo* (April 24, 2002), 8th Dist. No. 80216, 2002 WL 853547.

The Rules of Criminal Procedure provide the state with one direct appeal of an adverse ruling of a suppression motion. Crim.R.

12(K). Appellant has pursued that appeal and was unsuccessful. Appellant has filed two further motions with the trial court to overturn not only the trial court's ruling, but also our judgment in the matter. The state in general is prohibited from filing appeals in criminal cases, and any limited rights of appeal provided by rule or statute are strictly construed. *State v. Caltrider* (1975), 43 Ohio St.2d 157, 72 O.O.2d 88, 331 N.E.2d 710, paragraph one of the syllabus. The Ohio Supreme Court has observed that a court of appeals "lack[s] jurisdiction over an appeal challenging a trial court's ruling on a motion for reconsideration of a suppression order." *State v. Bassham* (2002), 94 Ohio St.3d 269, 272, 762 N.E.2d 963. We see no reason to treat a motion to vacate a suppression order differently from a motion to reconsider a suppression order, particularly after we have accepted the suppression order as a final, appealable order, and affirmed the judgment of the trial court.

We have no jurisdiction to entertain a discretionary appeal from the state of a judgment entry overruling a motion to vacate a suppression order.

*Tate III*, ¶5-10.

{¶14} In *Tate II* the State sought leave to file a discretionary appeal pursuant to App.R. 5(C) to challenge the trial court's order denying the State's first motion to vacate an adverse suppression ruling. However, instead of filing within 30 days of the challenged order as expressly provided for by App.R. 5(C), the State filed a cross-appeal within the extended time limits of App.R.4(B)(1), which it presumed was timely. *Tate II*, ¶40. Because of the State's failure to comply with the time limits imposed by App.R. 5(C) the panel dismissed the appeal, reasoning that our jurisdiction was never properly invoked and that therefore "the state's discretionary appeal cannot be entertained, as it is untimely filed." *State v. Tate*, 179 Ohio App.3d 71, 2008-Ohio-5686, 900 N.E.2d 1018, ¶51, citing *State v. Mitchell,* 6th Dist. L–03–

1270, 2004-Ohio-2460, 2004 WL 1088380, ¶12 (the state's failure to comply with App.R. 5(C)'s time requirement for filing a motion for leave is jurisdictional); *State v. Gowdy,* 95 Ohio App.3d at 630, 643 N.E.2d 175 (where a notice of appeal by the state was timely but a motion for leave to appeal was not).

**{¶15}** Although the State framed this proceeding as a discretionary appeal of the denial of a motion to vacate, it is in reality challenging the trial court's November 21, 2011 decision dismissing a majority of the counts contained within the felony indictment. The rules of court and statutes governing appeals in criminal proceedings are strictly construed against the State. *State v. Caltrider*, 43 Ohio St.2d 157, 331 N.E.2d 710 (1975), paragraph one of the syllabus. R.C. 2945.67 provides the State may appeal *as a matter of right* any decision of a trial court in criminal proceedings which grants a motion to dismiss all or any part of an indictment or complaint. *State v. Christian*, 184 Ohio App.3d 1, 2009-Ohio-4811, 919 N.E.2d 271, ¶12. Applying the statute in *Christian*, we denied the defendant's motion to dismiss the appeal holding*:* "Jurisdictionally, we must determine whether the trial court's decision qualifies as a dismissal of part of an indictment under the statute giving the state an appeal as of right. We conclude that the trial court's decision to discharge the defendant constituted the dismissal of part of the indictment, which the state can appeal as of right." *Id.*, ¶2-3.

**{¶16}** Importantly, the Ohio Supreme Court has framed the ability of a court of appeals to hear an appeal by the State, either as of right or discretionary, in jurisdictional terms:

> Section 3(B)(2), Article IV of the Ohio Constitution sets forth the appellate jurisdiction of the courts of appeals. It provides in relevant part: "Courts of appeals shall have jurisdiction *as may be provided by law to* review and affirm, modify, or *reverse judgments or final orders* of the courts of record inferior to the court of appeals within the district * * *" (Emphasis added.) The provision has been interpreted to mean that

the state has no absolute right of appeal in a criminal matter unless specifically granted such right by statute.

*State v. Fisher*, 35 Ohio St.3d 22, 23, 517 N.E.2d 911(1988).

**{¶17}** Thus, in *Tate I & II,* this court dismissed the State's appeal, reasoning that "our jurisdiction must be properly invoked before we can decide whether to exercise that discretion to grant leave to appeal." *Tate II*, ¶47. Our decision in *Christian* also addressed the State's ability to appeal in jurisdictional terms.

**{¶18}** Here, R.C. 2945.67(A) and App.R. 5(C) provided the State with an opportunity to contest the November 21, 2011, with a direct appeal which the State did not utilize. Instead, the State waited until this court ruled in *Wallace,* and in January 2013 filed a motion to vacate the 2011 dismissal. The analysis of *Tate II & III* is consistent with the manner in which the Ohio General Assembly has made the policy decision to limit the State's ability to appeal adverse decisions in criminal proceedings. Thus, those cases dictate that we dismiss the instant appeal, especially given that this court in *Christian* specifically held that R.C. 2945.67 affords the State an appeal as of right from a trial court's decision dismissing part of an indictment. By filing a motion pursuant to Civ.R. 60(B) in January 2013 seeking to vacate Judge Curran's November 21, 2011 decision, the State is attempting to circumvent this rule to resurrect a decision for this court to review well after the time to file a direct appeal has expired.

**{¶19}** Consistent with our analysis and holdings in *Tate II, Tate III* and *Christian*, a motion to vacate pursuant to Civ.R. 60(B) cannot be used as a substitute for a direct appeal of the November 21, 2011 judgment dismissing multiple counts of the indictment in this case. Pursuant to R.C. 2945.67(A) and App.R. 5(C), the State had an appeal of right from that judgment, which the State failed to timely file. Thus, we lack jurisdiction, and leave to appeal was improvidently granted. Accordingly, this appeal is dismissed.

Vukovich, J., concurs.

Waite, J., concurs.