[Cite as *Murray v. Auto Owners Ins.*, 2024-Ohio-656.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

TERRANCE MURRAY,

Plaintiff-Appellant,

v.

AUTO OWNERS INSURANCE,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0048**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 221

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James S. Gentile*, for Plaintiff-Appellant and

*Atty. Kristen E. Campbell*, Pelini, Campbell & Ricard LLC, for Defendant-Appellee.

Dated: February 21, 2024

**KLATT, J.**

{¶1} Appellant, Terrance Murray, appeals from the March 14, 2023 judgment of the Mahoning County Court of Common Pleas denying his motion to vacate a summary judgment order or, in the alternative, for reconsideration. On appeal, Appellant argues the trial court erred in denying his motion to vacate the court's granting of summary judgment in favor of Appellee, Auto Owners Insurance, because the court acknowledged his claim was meritorious and additional discovery evidence created genuine issues of material fact. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 11, 2022, Appellant filed a complaint alleging Appellee breached an insurance contract and acted in bad faith in failing to properly assess a property damage claim. Specifically, Appellant alleged: he had an insurance policy with Appellee (Policy No. 52 065513 02, Claim No. 300-0093587-2020) providing home insurance for rental property located at 8150 Market Street, Youngstown, Mahoning County, Ohio 44512; the underlying incident occurred on March 28, 2020 when the property was struck by a severe rain and wind storm; the storm damaged the exterior (roof) and interior (including personal property); Appellant's alleged loss was $50,000 to $60,000; Appellee failed to fairly adjust and pay the claim and sent Appellant a check in the amount of $6,032.16 which Appellant did not accept; and Appellee then canceled Appellant's insurance.[1] (2/11/2022 Complaint, p. 1-2).

{¶3} On April 5, 2022, Appellee filed an answer and a request for production of documents. Appellee submitted interrogatories asking for proof to support the claims, including: identity of experts and reports; any grounds for the bad faith claim; proof of damages; and photographs of alleged damages. Appellant failed to respond to the discovery requests.

---

[1] Appellant alleges he paid $2,000 for temporary repairs to the roof and an additional $11,500 to complete the roof. (8/11/2023 Appellant's Brief, p. 4). Appellant also indicates at some point thereafter, he suffered from dementia, was in a nursing facility, and later had a power of attorney. (*Id.* at p. 2).

Case No. 23 MA 0048

**{¶4}** On July 21, 2022, Appellee filed a motion to compel discovery responses. On August 25, 2022, the trial court granted the motion to compel and ordered that Appellant respond to Appellee's discovery requests on or before September 26, 2022. Appellant failed to comply and did not request an extension.

**{¶5}** On November 18, 2022, Appellee filed a motion to dismiss. On November 30, 2022, Appellee filed a motion for summary judgment. On December 23, 2022, Appellant submitted, for the first time, alleged responses to the outstanding discovery requests. However, the information provided was procedurally and substantively deficient. On December 29, 2022, Appellant filed a motion in opposition to Appellee's motion to dismiss and motion for summary judgment. Appellee filed a reply in support of its motion for summary judgment on January 4, 2023.

**{¶6}** On January 26, 2023, the trial court granted Appellee's motion for summary judgment, stating:

> While it appears that Plaintiff has established that he has a valid insurance claim evidenced by the check tendered by Defendant in April of 2020, he has presented no evidence in support of his breach of contract or bad faith claims. Specifically, he has presented no evidence to suggest that Defendant failed to properly evaluate the claim nor that they did so in bad faith.

> After reviewing the Motion and the pleadings in this matter, the Court finds that there exist no genuine issues of material fact with respect to all claims, and the Defendant is entitled to summary judgment as a matter of law.

(1/26/2023 Judgment Entry, p. 2-3).

**{¶7}** Appellant did not appeal the foregoing judgment. Rather, on February 16, 2023, Appellant filed a motion to vacate the summary judgment order or, in the alternative, for reconsideration. Appellant suggested the judgment entry granting summary judgment was not a final order. Appellant also argued he was entitled to relief under "Rule 60(B)," but did not identify how or why such relief was warranted. On February 27, 2023,

Appellee filed a memorandum in opposition. On March 14, 2023, the trial court denied Appellant's motions. Specifically, the court stated:

> This matter came before the Court on Plaintiff's Motion for Reconsideration, or in the alternative, Motion to Vacate. For the reasons that follow, the Court hereby DENIES the Motion.
>
> A Motion for Reconsideration is not a permissible avenue to attack a final judgment. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105, 1007 (1981). "(M)otions for reconsideration of a final judgment in the trial court are a nullity." *Id.* Accordingly, Plaintiff's Motion for Reconsideration is hereby DENIED.
>
> The Plaintiff moves the Court, in the alternative, to vacate the judgment. The Plaintiff has not demonstrated that he has a meritorious claim, nor has he met one of the provisions under Civ.R. 60(B). Accordingly, this Motion is also DENIED.

(3/14/2023 Judgment Entry).

{¶8} Appellant timely appealed the March 14, 2023 judgment and raises one assignment of error.[2]

## ASSIGNMENT OF ERROR

**THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE THE COURT'S GRANTING OF SUMMARY JUDGMENT FOR DEFENDANT WHEN THE COURT ACKNOWLEDGED THAT PLAINTIFF'S CLAIM WAS MERITORIOUS AND WHEN ADDITIONAL**

---

[2] Appellee filed a motion to dismiss the appeal for lack of a final appealable order. Appellee claimed "the 'appeal' of the motion for reconsideration/motion to vacate is simply an attempt to get around the Appellant's own decision to forego an appeal of the January 2[6], 2023 entry in the first place." (5/3/2023 Motion to Dismiss Appeal, p. 3-4). This court denied Appellee's motion to dismiss. This court stated: "Appellee's motion to dismiss presupposes the arguments to be raised by Appellant on appeal. While it is true that Appellant did not appeal the underlying trial court summary judgment entry, the judgment entry denying the motion to vacate was itself a final appealable order." (8/1/2023 Judgment Entry, p. 2).

Case No. 23 MA 0048

**SUBSTANTIAL DISCOVERY EVIDENCE WAS SUBMITTED CREATING GENUINE ISSUES OF MATERIAL FACTS.**

{¶9}   In his sole assignment of error, Appellant argues the trial court erred in denying his motion to vacate the court's granting of summary judgment in favor of Appellee because the court acknowledged his claim was meritorious and additional discovery evidence created genuine issues of material fact.

{¶10} As stated, on November 30, 2022, Appellee filed a motion for summary judgment which was granted by the trial court on January 26, 2023.

> An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

> "(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d

264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 10-12.

**{¶11}** However, Appellant did not appeal the trial court's January 26, 2023 judgment granting summary judgment in favor of Appellee. Instead, on February 16, 2023, Appellant filed a motion to vacate the summary judgment order under Civ.R. 60(B) or, in the alternative, for reconsideration. On March 14, 2023, the trial court denied Appellant's motions. Appellant now appeals from that judgment denying the motion for reconsideration or motion to vacate under Civ.R. 60(B).

The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 12. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799 (1995).

*Paczewski v. Antero Res. Corp.*, 7th Dist. Monroe No. 18 MO 0016, 2019-Ohio-2641, ¶ 27.

**{¶12}** While grouped as an appeal from the denial of his request to vacate a prior judgment, Appellant is substantively challenging the ruling which granted summary

judgment to Appellee. However, Ohio courts, including this District, have repeatedly recognized the following:

> * * * Civ.R. 60(B) shall not be used as a substitute for appeal. *See, e.g., Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548 (1998) ("A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment."). "It is a fundamental principle of both civil and criminal procedure that a Civ.R. 60(B) motion is not a substitute for a direct appeal." *State v. Rucci,* 7th Dist. Nos. 13MA65, et al., 2014-Ohio-1396, ¶ 12.

> As Civ.R. 60(B) is not a substitute for an appeal, it cannot be utilized merely to raise mistakes allegedly committed by the trial court. *Id.* In other words, to raise mistakes allegedly committed by the trial court, one must appeal rather than attempt to use a Civ.R. 60(B) motion (which would actually just be an attempt at reconsideration with a 60(B) label).

*State v. Brown*, 7th Dist. Mahoning No. 13 MA 172, 2014-Ohio-5824, ¶ 49-50.

**{¶13}** Ohio courts have also long recognized there is no provision in the Civil Rules for a motion for reconsideration of a final entry. "Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity." *Pitts, supra,* at 380.

**{¶14}** Appellant claims the January 26, 2023 judgment entry granting summary judgment in favor of Appellee was not a final order because the issue of damages was not resolved. However, contrary to Appellant's assertion, that judgment actually granted judgment as a matter of law to Appellee, therefore, there was no pending issue of damages. There is nothing substantively different between Appellant's memorandum opposing summary judgment and his motion to vacate. Appellant did not provide any new evidence or raise any argument that the trial court failed to consider. Rather, Appellant seeks a different ruling based on the same record that was before the trial court in the summary judgment proceedings. The trial court did not abuse its discretion in

determining the January 26, 2023 judgment entry granting summary judgment in favor of Appellee was a final order that required Appellant to file an appeal rather than a motion to reconsider or vacate.

**{¶15}** In addition, the trial court did not err in determining Appellant failed to present evidence of a meritorious defense required for a Civ.R. 60(B) motion to vacate.

> In order to prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Ohio Receivables, LLC v. Millikin*, 7th Dist. Columbiana No. 17 CO 0038, 2018-Ohio-3734, ¶ 19, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

*Paczewski, supra*, at ¶ 26.

**{¶16}** If any of the foregoing three requirements is not met, the motion should be denied. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

**{¶17}** Appellant contends he has a meritorious defense because the trial court found he had a valid insurance claim. The record reveals, however, the court simply recognized that Appellant submitted a claim to Appellee and Appellee issued a check for damages, thereby showing a valid claim for benefits under the policy. And, in fact, the court expressly ruled Appellant failed to present any evidence to support either breach of contract or bad faith claims. *See Adams, supra,* at 21 ("Relief from a final judgment should not be granted unless the party seeking such relief makes at least a *prima facie* showing that the ends of justice will be better served by setting the judgment aside.") Here, Appellant has failed to present any prima facie evidence to support his claims. Appellee aptly summarizes:

To this day, Appellant has done nothing more than restate the allegations in the complaint. He has not cited to any specific provision in the policy which was allegedly violated. He has not produced photos of any damages which were not paid for by the company. He has not submitted any correspondence between the property owner and the adjuster discussing the alleged damages, the value of the claim, the check issued by the insurance company, or why the check was not cashed. He has not provided an affidavit from the individual allegedly holding a power of attorney for the property owner which discusses the details of the transaction with the insurance company. He has not presented any expert witness testimony or opinions regarding the alleged damages, the value of the claim, or the claims-handling process. He did not even present any proof that the property damage check issued by the insurance company was rejected. In short, there is absolutely nothing on the record to support a claim for breach of contract or bad faith.

(8/28/2023 Appellee's Brief, p. 7).

**{¶18}** Appellant fails to provide any evidence that he has a meritorious defense against the judgment entry granting summary judgment in favor of Appellee.

**{¶19}** Additionally, "[a] movant must demonstrate he 'is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).' *GTE Automatic Elec.*, 47 Ohio St.2d at 151." *Davis v. Barton*, 7th Dist. Mahoning No. 20 MA 0064, 2021-Ohio-2359, ¶ 49. Here, Appellant did not list or provide support for any of the Civ.R. 60(B)(1)-(5) factors. Appellant did not submit any argument or evidence in support of which provision under Civ.R. 60(B) he was using to support his motion. Thus, the trial court did not err in denying Appellant's motion to vacate as he failed to establish the grounds upon which the motion was founded.

**{¶20}** Lastly, Appellant asserts he has supported his allegations with additional discovery evidence attached to his motion to vacate. The record reveals the trial court ordered Appellant to produce discovery responses no later than September 26, 2022. Appellant failed to comply with the trial court's order and did not request an extension.

Appellant did not provide any evidence until December 23, 2022, after Appellee filed its motion for summary judgment, which the court was not required to consider.

**{¶21}** Appellant's untimely discovery responses were from a "power of attorney" but without the required signature of the principal or principal's representative. Thus, they were not properly verified. *See* R.C. 1337.25 (a power of attorney must be signed by the principal (or, in the principal's conscious presence by another individual directed by the principal to sign the principal's name on the power of attorney)); *Scott v. Kindred Transitional Care & Rehab.*, 8th Dist. Cuyahoga No. 103256, 2016-Ohio-495, ¶ 8 (A party's signature and notation of "P.O.A." has no legal effect in the absence of a statutorily valid power of attorney signed by the principal).

**{¶22}** Furthermore, the untimely discovery responses include a repair estimate and receipt payment. However, they are not properly authenticated as required by Civ.R. 56 because they are not dated and/or signed. *See Bank of America v. Bobovyik*, 7th Dist. Columbiana No. 13 CO 54, 2014-Ohio-5499, ¶ 57 (A court need not consider hearsay in resolving motions for summary judgment).

**{¶23}** There is nothing in the untimely discovery responses to support claims for breach of contract or bad faith. Even assuming arguendo that Appellant's discovery evidence had been timely provided, the trial court could not have considered it when ruling on the motion for summary judgment and it did not support a meritorious claim under Civ.R. 60(B). Thus, the court did not err in disregarding Appellant's unverified, unsupported, and unauthenticated untimely discovery responses which did not establish a meritorious defense or grounds for relief from judgment.

**{¶24}** Upon consideration, the trial court did not err in denying Appellant's motion to vacate since the motion was an improper substitute for an appeal of a final order. The court further did not err in denying the motion to vacate since Appellant failed to show he had a meritorious defense and did not set forth which Civ.R. 60(B) ground for relief he was claiming to be entitled.

## CONCLUSION

**{¶25}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The March 14, 2023 judgment of the Mahoning County Court of Common Pleas

denying Appellant's motion to vacate a summary judgment order or, in the alternative, for reconsideration is affirmed.


Waite, J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**