[Cite as *State v. Olman*, 2025-Ohio-437.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES OLMAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0033**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 CR 109

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee

Charles Olman, Defendant-Appellant.

Dated:  February 10, 2025

**DICKEY, J.**

{¶1} Pro se Appellant, Charles Olman, appeals from the July 16, 2024 judgment of the Belmont County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment without a hearing. On appeal, Appellant's entire argument with respect to his Civ.R. 60(B) motion addresses only the factors that led to the timeliness of his appeal of the March 22, 2024 denial of his postconviction petition. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} In 2021, Appellant was convicted of two counts of rape following a jury trial. Appellant was sentenced to two consecutive life sentences without the possibility of parole and classified as a Tier III Sex Offender. Appellant appealed his conviction and sentence, Case No. 21 BE 0034. On June 30, 2022, this court affirmed. *State v. Olman*, 2022-Ohio-2647, ¶ 1, 133 (7th Dist.). Appellant sought a discretionary review before the Supreme Court of Ohio, which was not accepted. *State v. Olman*, 2022-Ohio-3752.

{¶3} Appellant subsequently filed an application to reopen his direct appeal under App.R. 26(B). This court denied his application. *State v. Olman*, 2022-Ohio-4678, ¶ 1, 36 (7th Dist.). Appellant sought another discretionary review before the Supreme Court of Ohio, which was not accepted. *State v. Olman*, 2023-Ohio-1326.

{¶4} On September 13, 2022, Appellant filed his first petition for postconviction relief under R.C. 2953.21. Following the denial by the Supreme Court of Ohio to grant a discretionary review and various other continuances, the trial court overruled Appellant's petition for postconviction relief on March 22, 2024. On April 25, 2024, the clerk received for filing Appellant's "Appeal of Amended Petition to Vacate or Set Aside Judgment of Conviction or Sentence; AKA Post-Conviction Relief Petition." Because the filing was received late, this court sua sponte dismissed that appeal, Case No. 24 BE 0012, on May 7, 2024.

{¶5} On June 10, 2024, Appellant filed a Civ.R. 60(B) motion for relief from judgment alleging he was prevented from timely appealing the denial of his postconviction petition due to mail delays. On June 26, 2024, Appellee, the State of Ohio, filed a memorandum in opposition. On July 16, 2024, the trial court denied Appellant's Civ.R.

Case No. 24 BE 0033

60(B) motion without a hearing because he failed to establish the existence of a potential meritorious defense.

{¶6} On July 31, 2024, Appellant filed an "Intent to Appeal Civil Rule 60(B)" that initiated this case. On August 28, 2024, Appellant filed an "Appeal of Civil Rule 60(B)." This court sua sponte dismissed that appeal, Case No. 24 BE 0043, as untimely and duplicative of the present case.

{¶7} On September 17, 2024, Appellant filed a "Petition for Peremptory Writ of Mandamus." The next day, the trial court clarified that its March 22, 2024 decision would have included denial of the petition for court orders, but if it did not, the court expressly overruled the petition. On October 1, 2024, Appellant filed an "Intent to Appeal Peremptory Writ of Mandamus; AKA Intent to Appeal Petition for Court Orders," Case No. 24 BE 0046.

{¶8} In the instant appeal, Case No. 24 BE 0033, Appellant appears to raise one assignment of error regarding the denial of his Civ.R. 60(B) motion.

## ASSIGNMENT OF ERROR

**[THE TRIAL COURT ERRED BY DENYING APPELLANT'S CIV.R. 60(B) MOTION.]**

{¶9} Pro se Appellant does not specifically set forth an assignment of error in his brief pursuant to App.R. 16(A)(3). Upon review, it appears Appellant asserts the trial court erred in denying his Civ.R. 60(B) motion. Appellant states he "is learning as his case progresses and cannot possibly be held to the same standard as an attorney." (10/21/2024 Appellant's Brief, p. 1). However, "[a] pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Bryan v. Johnston*, 2012-Ohio-2703, ¶ 8 (7th Dist.), citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363 (8th Dist. 1996). Despite Appellant's lack of compliance with the Appellate Rules, in the interest of justice, we will consider his appeal.

{¶10} At issue is whether Appellant's Civ.R. 60(B) motion presented a meritorious defense entitling him to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).

Case No. 24 BE 0033

In order to prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Ohio Receivables, LLC v. Millikin*, 7th Dist. Columbiana No. 17 CO 0038, 2018-Ohio-3734, ¶ 19, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Courts are not required to hold a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative facts to support relief under Civ.R. 60(B). *Id.* at ¶ 19, citing *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935, 76 N.E.3d 653, ¶ 40 (7th Dist.).

The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 12. . . .

*Paczewski v. Antero Resources Corp.*, 2019-Ohio-2641, ¶ 26-27 (7th Dist.).

**{¶11}** An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

. . . Civ.R. 60(B) shall not be used as a substitute for appeal. *See, e.g., Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548 (1998) ("A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment."). "It is a fundamental principle of both civil and criminal procedure that a Civ.R. 60(B) motion is not a substitute for

a direct appeal." *State v. Rucci,* 7th Dist. Nos. 13MA65, et al., 2014-Ohio-1396, ¶ 12.

> As Civ.R. 60(B) is not a substitute for an appeal, it cannot be utilized merely to raise mistakes allegedly committed by the trial court. *Id.* In other words, to raise mistakes allegedly committed by the trial court, one must appeal rather than attempt to use a Civ.R. 60(B) motion (which would actually just be an attempt at reconsideration with a 60(B) label).

*Murray v. Auto Owners Ins.*, 2024-Ohio-656, ¶ 12 (7th Dist.), quoting *State v. Brown*, 2014-Ohio-5824, ¶ 49-50 (7th Dist.).

**{¶12}** In this case, Appellant appears to present the following allegations as to why his Civ.R. 60(B) motion should have been granted: he received the March 22, 2024 judgment denying his postconviction petition on March 29, 2024; he attempted to mail his notice of appeal with respect to the March 22, 2024 judgment on April 15, 2024 even though it was not received by the clerk until April 25, 2024 which he blames on the Southeastern Correctional Institution's lack of diligence; and he claims he was not at fault for the notice of appeal not having been timely received by the clerk. *See* (10/21/2024 Appellant's Brief, p. 2-3).

**{¶13}** The State correctly points out that Appellant's entire argument regarding his Civ.R. 60(B) motion addresses only the factors that led to the timeliness of his appeal of the March 22, 2024 denial of his postconviction petition. Appellant fails to present reasons as to why he should have been granted relief from the judgment denying his postconviction petition. The Civ.R. 60(B) motion here was "merely an attempt to produce a second Judgment Entry from which Appellant could appeal." (11/4/2024 Appellee's Brief, p. 5). However, Civ.R. 60(B) is neither a substitute for an appeal nor a means to extend the deadline to appeal. *See Murray*, 2024-Ohio-656, at ¶ 12 (7th Dist.), quoting *Brown*, 2014-Ohio-5824, at ¶ 49-50 (7th Dist.).

**{¶14}** In addition, the State "concedes that Appellant can meet the third required factor [(*GTE* third prong)] to bring a Rule 60(B) Motion (that it be filed within a reasonable time)[.]" (11/4/2024 Appellee's Brief, p. 7). However, the State asserts Appellant "cannot

meet the first two" factors.  (*Id.*)  Thus, the two main issues here are whether Appellant has demonstrated a meritorious defense or claim (*GTE* first prong) and whether he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) (*GTE* second prong).

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

**{¶15}** Regarding the *GTE* first prong, Appellant has not demonstrated "a meritorious defense or claim" that would justify granting his Civ.R. 60(B) motion. "Meritorious" is defined as, "worthy of legal victory; having enough legal value to prevail in a dispute." *Black's Law Dictionary* (12th Ed. 2024).  Appellant relies solely on the timeliness of his appeal.  Thus, the relief Appellant sought was nothing more than the trial court re-entering the March 22, 2024 judgment so that he could timely appeal it, contrary to the dictates and application of Civ.R. 60(B).  Based on the facts presented, Appellant has not demonstrated a meritorious defense or claim that he would actually present to the trial court, if permitted.

**{¶16}** Regarding the *GTE* second prong, Appellant is not entitled to relief under any of the grounds stated in Civ.R. 60(B)(1) through (5).  It appears Civ.R. 60(B)(2)-(4) are inapplicable here and what Appellant does provide would not justify relief under Civ.R. 60(B)(1) or (5).

**{¶17}** First, Appellant is not entitled to relief under Civ.R. 60(B)(1), "mistake, inadvertence, surprise or excusable neglect[.]" Appellant claims that of the 30 days in which he had to appeal, 17 days were used by slow mail delivery. What was actually required within 30 days, however, was a simple notice of appeal, i.e., a one-page document that requires very little information. App.R. 3(D) even links to Form 1 in the Appendix of Forms which is a suggested form of a notice of appeal that Appellant could have used. There is no reason in the record that Appellant could not have timely complied.

**{¶18}** The actual document Appellant did file on April 25, 2024 is not dated. The document contains an incorrect certificate of service as it states the document was mailed to the prosecutor's office on August 8, 2023. While Appellant did produce a receipt showing he purchased postage for a mailing to the clerk on April 15, 2024, that purchase was 24 days into his 30 days in which to file a notice of appeal. This is not the type of evidence that would warrant holding a hearing on the timeliness of the appeal as a hearing would not have changed anything or aided the trial court. Appellant was aware of the deadline. Regardless of what happened to Appellant's mailing between April 15, 2024 and April 25, 2024, Appellant simply failed to act in a timely manner. A hearing would not have helped to determine whether the March 22, 2024 judgment should be re-entered.

**{¶19}** Upon a review of the record, the trial court did not abuse its discretion as Appellant's motion does not contain operative facts to support relief under Civ.R. 60(B)(1). *See Paczewski,* 2019-Ohio-2641, at ¶ 26 (7th Dist.).

**{¶20}** Second, Appellant is not entitled to relief under the "any other reason justifying relief" provision in Civ.R. 60(B)(5). This "catch-all" provision only applies when a more specific provision does not. *Tabor v. Tabor*, 2003-Ohio-1432, ¶ 30 (7th Dist.). The grounds for invoking Civ.R. 60(B)(5) should be substantial. *Id.* For the same reasons above, involving the specific provision in Civ.R. 60(B)(1), Appellant is not entitled to relief under Civ.R. 60(B)(5). *See Paczewski* at ¶ 26.

**{¶21}** Upon consideration, Appellant did not allege operative facts in his Civ.R. 60(B) motion to warrant an evidentiary hearing. Appellant has not provided a meritorious defense and cannot show that the failure to timely file the appeal was due to "mistake,

inadvertence, surprise or excusable neglect" or "any other reason justifying relief" under Civ.R. 60(B)(1) or (5).

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The July 16, 2024 judgment of the Belmont County Court of Common Pleas denying Appellant's Civ.R. 60(B) motion for relief from judgment without a hearing is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 24 BE 0033

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**